IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02523-PAB-STV

GILBERT T. TSO, a natural person and an American,

    Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
ELIZABETH A. STARRS, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity, and
CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order [Docket No. 49]. Plaintiff requests that the Court enter a temporary restraining order and a preliminary injunction against defendants "Cynthia Coffman, Barry Pardus, Michael Dixon, Don Mares, Christian Maddy, Jennifer Adelmann, Lara Delka, Monica

Jackson, and the state agencies they represent – COLORADO DIVISION OF MOTOR VEHICLES, COLORADO DEPARTMENT OF HUMAN SERVICES, and DENVER HUMAN SERVICES – CHILD SUPPORT SERVICES" enjoining them from enforcing the suspension of plaintiff's driver's license related to his unpaid child support obligations. Docket No. 49 at 1-2, ¶ I. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

This case relates to the divorce and child support proceedings of plaintiff Gilbert Tso and his former wife, defendant Rebecca Murray. *See* Docket No. 11. Ms. Murray registered an Illinois child support order in Colorado after she, Mr. Tso, and their daughter relocated to Colorado. *Id*. at 26, ¶ 72 and at 52, ¶ 143. Mr. Tso unsuccessfully challenged the child support order in Colorado state courts.

On January 18, 2017, Denver County Child Support Enforcement sent plaintiff a notice informing him that his driver's license would be suspended if he did not begin paying his monthly child support payment or enter into a payment plan. Docket No. 54-1 at 1. On February 15, 2017, plaintiff requested an administrative review of his child support obligations. Docket No. 54-2. On March 30, 2017, Denver County Child Support Services completed its review, concluding that plaintiff owed $64,820.63 in outstanding child support obligations. Docket No. 54-3 at 2. Plaintiff did not file a further appeal. On June 18, 2017, the Colorado Division of Child Support Enforcement sent plaintiff a notice that his driver's license would be suspended in 30 days if he did not pay his child support obligations or enter into a payment plan. Docket No. 54-4 at 2.

2

On July 21, 2017, the Colorado Department of Revenue suspended plaintiff's driver's license. Docket No. 54-5.

This is the third lawsuit that plaintiff has initiated in this district. The first case, *Tso v. Murray et al.*, No. 15-cv-2398-REB-KLM, was removed by plaintiff on October 28, 2015 from the District Court for the City and County of Denver, but was remanded on February 10, 2016. The second case, *Tso v. Murray et al.*, No. 16-cv-2480-WJM-STV ("*Tso II*"), was filed on October 3, 2016. In that case, as in this one, plaintiff brings a "wide range of claims against his former wife and against a variety of other individual and official defendants, all arising from Plaintiff's underlying domestic relations case, including from one or more resulting support orders." *Tso II*, 2017 WL 3116338, at *1 (D. Colo. July 21, 2017). Plaintiff sought injunctive relief in that case to enjoin the suspension of his driver's license. *Id*. On July 21, 2017, District Judge William J. Martínez denied plaintiff injunctive relief, finding, in relevant part, that plaintiff had not shown irreparable harm because plaintiff had, "at most, made allegations that he will suffer serious or substantial harm in the form of economic loss" and that plaintiff had not shown likelihood of success on the merits because it was likely the court would have to abstain from granting plaintiff relief on his claims. *Id*. at *2.

On October 20, 2017, plaintiff filed his complaint in this case. Docket No. 1. On February 6, 2018, plaintiff filed the present motion for a temporary restraining order and a preliminary injunction. Docket No. 49.

To succeed on a motion for a injunctive relief, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the

movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), is "the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). "[W]hen district courts are properly acting as courts of equity, they have discretion unless a statute clearly provides otherwise." *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 496 (2001).

The Court will deny plaintiff's motion because plaintiff has not made the necessary showing to warrant injunctive relief. Plaintiff's present motion does not cure the two infirmities identified by Judge Martínez. First, "'simple economic loss'" of the type claimed by plaintiff "'usually does not, in and of itself, constitute irreparable harm.'" *Tso II*, 2017 WL 3116338, at *2 (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). Plaintiff again makes only conclusory allegations regarding potential insolvency and lost opportunities that cannot be compensated. Docket No. 49 at 6-7, ¶¶ c.i, c.ii. Second, plaintiff has not shown likelihood of success on the merits because he does not address whether the Court will be required to abstain from granting plaintiff the relief he seeks as a "collateral attack on the lawfulness of final state

4

court judgments and orders." *Tso II*, 2017 WL 3116338, at *2; *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006) (The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."); Docket Nos. 49, 57.

Accordingly, it is

**ORDERED** that plaintiff's Memorandum of Law In Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order [Docket No. 49] is **DENIED**.

DATED February 22, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge