# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02523-PAB-STV

GILBERT T. TSO,

    Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso,
TANYA AKINS,
SHERR PUTTMANN AKINS LAMB PC,
JEANNIE RIDINGS,
KILILIS RIDINGS & VANAU PC,
RUSSELL MURRAY,
DENA MURRAY,
JOANNE JENSEN,
RICHARD F. SPIEGLE,
ELIZABETH A. STARRS,
DAVID P. BRODSKY,
CHARLES D. JOHNSON,
ROSS B.H. BUCHANAN,
DAVID H. GOLDBERG,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity,
19TH JUDICIAL CIRCUIT COURT, LAKE CO., IL,
2ND DISTRICT COURT, DENVER COUNTY, CO,
DENVER DEPARTMENT OF HUMAN SERVICES,
COLORADO DEPARTMENT OF HUMAN SERVICES,
CITY AND COUNTY OF DENVER, and
COLORADO DIVISION OF MOTOR VEHICLES,

    Defendants.

**ORDER**

This matter is before the Court on Plaintiff's Complaint re: ECF #103 Pursuant to Fed. R. Civ. P. 11(b)(1), (b)(3) and (b)(4) and Motion for Sanctions (the "Motion") [#151],[1] which was referred to this Court [#152]. Through the Motion, Plaintiff seeks Rule 11 sanctions against Defendants City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, and Don Mares (collectively, "Denver Defendants") and their attorney Robert A. Wolf based upon arguments raised in Denver Defendants' Motion to Dismiss (the "Motion to Dismiss") [#103]. The Motion also argues that a motion for extension of time filed on behalf of Denver Defendants and Colorado Defendants[2] (the "Motion for Extension of Time") [#130] was frivolous and vexatious and thus violated Rule 11(b)(1). This Court has carefully considered the Motion, the entire case file, the applicable case law, and has determined that neither additional briefing nor oral argument would materially assist in the disposition of the instant Motion.[3] For the following reasons, the Court **DENIES** the Motion.

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 11(b) provides:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it—an attorney or

---

[1] The Motion is styled, in part, as a "Complaint" and references potential claims for "the torts of libel and defamation." [#151 at ¶ 27]  The relief requested, however, does not seek leave to amend or supplement the operative complaint to add claims for libel and defamation. [*Id.* at 13]  In the instant Order, the Court thus addresses only the Motion's request for sanctions pursuant to Federal Rule of Civil Procedure 11.
[2] As used herein, "Colorado Defendants" refers to Defendants Elizabeth Starrs, Ross B.H. Buchanan, David Goldberg, Barry Pardus, Michael Dixon, and Cynthia Coffman.
[3] Although Defendants have not yet filed their response to the Motion, "a judicial officer [may] rul[e] on a motion at any time after it is filed."  D.C.COLO.LCivR 7.1.

unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If the Court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). "Rule 11 sanctions are an extraordinary remedy . . . intended to discourage frivolous litigation, not to punish litigants." *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006).

II. **ANALYSIS**

The Motion asserts the following alleged violations of Rule 11: (1) Denver Defendants' assertion of a "domestic relations exception defense" in their Motion to Dismiss is frivolous and vexatious and thus violates Rule 11(b)(1); (2) Denver

3

Defendants' assertion of res judicata in their Motion to Dismiss is frivolous and vexatious and thus violates Rule 11(b)(1); (3) the motion for extension of time filed by Denver Defendants and Colorado Defendants was vexatious and thus violated Rule 11(b)(1); and (4) statements in Denver Defendants' Motion to Dismiss purportedly "characterizing [ ] Plaintiff as a 'deadbeat' refusing to support his minor child" are patently false and violate Rule 11(b)(3) and 11(b)(4). The Court addresses each argument in turn.[4]

### A. Denver Defendants' Assertion of the Domestic Relations Exception

In their Motion to Dismiss, Denver Defendants argue that the Court "should not exercise jurisdiction over the purely state issue [raised by Plaintiff's complaint involving] whether Plaintiff owes and should pay child support," because Federal Courts "lack subject matter jurisdiction over all domestic relations matters." [#103 at 6 (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890))] Plaintiff contends that this argument is frivolous and vexatious, because Denver Defendants raised this same argument in a related case Plaintiff filed against Denver Defendants, *Tso v. Murray*, No. 16-cv-02480-WJM-

---

[4] As a preliminary matter, the Court notes that Plaintiff's Motion appears to be procedurally deficient. Pursuant to Rule 11(c)(2), any motion seeking sanctions for violations of Rule 11(b) "must be served under [Federal Rule of Civil Procedure] 5" and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." There is no representation in the Motion that it was ever served upon Denver Defendants and Colorado Defendants in a manner that complies with Rule 5. Instead, the Motion states only that "[b]etween May 14 through 18, 2018, Plaintiff notified all Defendants' counsel of his intent to pursue Rule 11 sanctions for cause" and that he "informed attorney Wolf via email and USPS certified mail, of a forthcoming Rule 11 Sanction." [#151 at 4, 14] Because the Court finds that the Motion lacks substantive merit, the Court finds it unnecessary to resolve this potential procedural defect. Plaintiff is cautioned, however, that future failures to comply with procedural requirements may result in filings being stricken or summarily denied.

STV, (the "16-2480 Action") and "the issue of the 'domestic relations exception' had virtually no weight or affect whatsoever on the ruling and judgment" of dismissal in that case. [#151 at 8] Plaintiff contends that Denver Defendants' domestic relations exception argument thus is "issue precluded." [*Id.* at 9] Plaintiff, however, fails to provide any citation to, or discussion of, the Court's purported consideration of the applicability of the domestic relations exception in the 16-2480 Action. Based upon this Court's review of the order of dismissal in the 16-2480 Action, it appears that the Court there did not directly address the domestic relations exception or the authority related thereto cited in the Motion to Dismiss filed in this action. Nor has Plaintiff cited any other authority establishing that Denver Defendants' invocation of the domestic relations exception is patently frivolous.

Accordingly, the Motion is DENIED to the extent it seeks the imposition of sanctions based upon Denver Defendants' assertion of the domestic relations exception to the Court's jurisdiction in their Motion to Dismiss.[5]

### B. Denver Defendants' Assertion of Res Judicata

Plaintiff also contends that Denver Defendants' assertion of res judicata with respect to Plaintiff's Fifth Amendment claim is frivolous and vexatious. [#151 at 9] Specifically, Plaintiff contends that Federal Rule of Civil Procedure 41(b) "clearly

---

[5] The Court reserves consideration of—and expresses no opinion here regarding—the merits of Denver Defendants' argument regarding the application of the domestic relations exception, which will be considered as part of the Court's resolution of Denver Defendants' Motion to Dismiss. *See* 5A Wright, Miller, *et al.*, FED. PRAC. & PROC. § 1335 (3d ed.) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.")

5

establishes that an involuntary dismissal for lack of jurisdiction is not an adjudication on the merits" thereby purportedly "barring a res judicata defense by [Denver] Defendants against [ ] Plaintiff's new claims under the Fifth Amendment." [*Id.*] Contrary to Plaintiff's contention, however, the Tenth Circuit has held that "[t]here is an important exception to the general rule that a final adjudication on the merits is a prerequisite to issue preclusion." *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004). In particular, the Tenth Circuit recognized that "[i]t has long been acknowledged that '[t]he principles of res judicata apply to questions of jurisdiction as well as to other issues.'" *Id.* (quoting *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932)). As a result, "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question." *Id.* (internal quotations omitted). Dismissal based upon a lack of jurisdiction thus does not necessarily preclude the assertion of a res judicata defense.

Accordingly, the Motion is DENIED to the extent it seeks the imposition of sanctions based upon Denver Defendants' assertion in this case of a res judicata defense with regard to Plaintiff's Fifth Amendment claim.[6]

### C. The Motion for Extension of Time

On June 7, 2018, Denver Defendants and Colorado Defendants jointly filed the Motion for Extension of Time, which argued that the Court should resolve Plaintiff's motion to amend his complaint [#117] prior to requiring the defendants to file their

---

[6] The Court reserves consideration of—and expresses no opinion here regarding—the merits of Denver Defendants' argument regarding the application of res judicata to Plaintiff's claims, which will be considered as part of the Court's resolution of Denver Defendants' Motion to Dismiss.

6

replies in support of their motions to dismiss, because "[i]f the Defendants file reply briefs and the Court later grants [Plaintiff's] motion to amend, substantial legal resources will have been wasted" as the amended complaint may moot the pending motions to dismiss. [*Id.* at 3] The Court granted the Motion for Extension of Time in part, providing Defendants an extension of time to file replies in support of their motions to dismiss. [#134] At the June 19, 2018 Status Conference, the Court determined that the briefing on the motions to dismiss should not be stayed indefinitely and ordered that the motions to dismiss and motion to amend should be briefed concurrently. [#139 at 33]

Plaintiff now argues that the Motion for Extension of Time was vexatious and violated Rule 11(b). [#151 at 9-11] The basis for Plaintiff's contention is unclear, but he appears to argue that the Motion for Extension of Time was not made in good faith because Denver Defendants and Colorado Defendants (1) did not adequately confer in advance of filing their motions to dismiss or the Motion for Extension of Time; (2) incorrectly identified the deadline for their replies in support of their motions to dismiss in the Motion for Extension of Time; (3) failed to provide good cause for their request to delay briefing on the motions to dismiss until after a ruling on the motion to amend; and (4) made an argument regarding the demands on their time required by the various briefing schedules in this and the 16-2480 Action, even though they should have been aware of the schedules and Plaintiff faced similar demands. [*Id.*] Plaintiff provides no authority finding a Rule 11 violation based upon any of these grounds, and the Court finds no justification to do so here, particularly given that the Motion for Extension of

7

Time was granted in part. Although the Court ultimately determined that judicial economy was best served by ordering concurrent briefing on the motions to dismiss and Plaintiff's motion to amend, there is merit to the concern expressed in the Motion for Extension of Time that, if the motion to amend ultimately is granted, Defendants may need to expend additional resources revising their motions to dismiss. There thus is no indication that the Motion for Extension of Time was brought for "any improper purpose" or to "unnecessarily delay" these proceedings.

Accordingly, the Motion is DENIED to the extent it seeks a finding that the Motion for Extension of Time violated Rule 11(b)(1).

### D. Denver Defendants' Statements Regarding Child Support Obligations

In the operative complaint, Plaintiff alleges that Denver Defendants violated the Takings Clause of the Fifth Amendment "by the taking of his property, in the form of [garnishment of] wages and assets, without equitable compensation." [#96 at 26] Plaintiff further alleges that Denver Defendants "seized for public use the federal incentive payments made possible from the taking of Plaintiff's property through the alleged unlawfully and fraudulently obtained [child] support order." [*Id.*]

As part of their argument for why Plaintiff's Fifth Amendment Takings Clause claim should be dismissed, Denver Defendants argue that "[t]he purpose of the Takings Clause is to prevent the government from 'forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole'" and thus that the Takings Clause is inapplicable because this case "does not involve Plaintiff bearing any public burden." [#103 at 10] Denver Defendants further explain:

> This case is about nothing more than Plaintiff being required, under state law, to pay child support for the purpose of supporting his child. The public, as a whole, should not be supporting his child, that is, there is no public burden involved, no burden that should be borne by the public as a whole. Consequently, the Fifth Amendment Takings Clause is not invoked by a child support order or mechanisms put in place by states to enforce such orders. Plaintiff, along with his family and his wife and his wife's family should be supporting his child.

[*Id.*]

Plaintiff interprets this passage as an allegation by Denver Defendants that Plaintiff (and his family) are not "supporting his child" and that the child instead is being supported by "[t]he public." [#151 at 11] Plaintiff thus contends that this passage "characterize[es] [ ] Plaintiff as a 'deadbeat' refusing to support his minor child." [*Id.*] Plaintiff argues that such an allegation is wholly unsupported in fact and is directly contradicted by Plaintiff's allegation in the operative complaint that "Plaintiff is not receiving public assistance or welfare for the care of the minor child, nor to the best knowledge of Plaintiff is the child's mother receiving any public assistance or welfare for same." [#96 at 88]

The Court interprets this passage from Denver Defendants' Motion to Dismiss differently. Denver Defendants do not explicitly state that Plaintiff's child is *currently* receiving public support, and the Court does not understand them to be implying that either. Instead, in the context of Denver Defendants' argument that there is no public burden involved, the Court understands Denver Defendants to state only that the child's parents (and their family) "should" bear the responsibility for supporting the child and thus that it "should not be" the responsibility of the public, as a whole, to support the

child.  Denver Defendants argue that there thus is no "public burden" at stake and the Fifth Amendment Takings Clause is not implicated.[7]

Plaintiff's request for sanctions based upon this passage of Denver Defendants' Motion to Dismiss thus appears to be based upon a misunderstanding of the passage's intent, arguably resulting from Denver Defendants' inartful drafting of the argument.  Rule 11, however, does not permit sanctions for "inartful pleading."  *Simpson v. Welch*, 900 F.2d 33, 36 (4th Cir. 1990).

Accordingly, the Motion is DENIED to the extent it seeks the imposition of sanctions based upon Denver Defendants' argument regarding the applicability of the Fifth Amendment Takings Clause.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

DATED: July 19, 2018                                BY THE COURT:

                                                         s/Scott T. Varholak
                                                         United States Magistrate Judge

---

[7] The Court reserves consideration of—and expresses no opinion here regarding—the merits of Denver Defendants' argument that the Fifth Amendment Takings Clause is not implicated.