IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02523-PAB-STV

GILBERT T. TSO, a natural person and an American,

    Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL MURRAY, individually,
DENA MURRAY, individually,
JOANNE JENSEN, individually,
RICHARD F. SPIEGLE, PSY.D., individually,
ELIZABETH A. STARRS, individually,
DAVID P. BRODSKY, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity,
19th JUDICIAL CIRCUIT COURT, LAKE CO., IL,
2nd DISTRICT COURT, DENVER COUNTY, CO,
DENVER DEPT. OF HUMAN SERVICES,
COLORADO DEPT. OF HUMAN SERVICES,
COLORADO DIVISION OF MOTOR VEHICLES, and
CITY AND COUNTY OF DENVER,

    Defendants.

# ORDER

This matter is before the Court on plaintiff's Memorandum of Law in Support of (2nd) Order to Show Cause for Preliminary Injunction and Temporary Restraining Order [Docket No. 62]. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

This is plaintiff's second motion for injunctive relief in this case. *See* Docket No. 61 at 2-3. On February 22, 2018, the Court denied plaintiff's first motion because he did not address the problems identified by Judge William J. Martínez in denying an almost identical motion that plaintiff filed in a case before Judge Martínez. *Id*. at 3-4. The Court stated that it would

> deny plaintiff's motion because plaintiff has not made the necessary showing to warrant injunctive relief. Plaintiff's present motion does not cure the two infirmities identified by Judge Martínez. First, "'simple economic loss'" of the type claimed by plaintiff "'usually does not, in and of itself, constitute irreparable harm.'" [*Tso v. Murray et al.*, No. 16-cv-2480-WJM-STV, 2017 WL 3116338, at *2 ("*Tso II*")] (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). Plaintiff again makes only conclusory allegations regarding potential insolvency and lost opportunities that cannot be compensated. Docket No. 49 at 6-7, ¶¶ c.i, c.ii. Second, plaintiff has not shown likelihood of success on the merits because he does not address whether the Court will be required to abstain from granting plaintiff the relief he seeks as a "collateral attack on the lawfulness of final state court judgments and orders." *Tso II*, 2017 WL 3116338, at *2; *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006) (The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."); Docket Nos. 49, 57.

Docket No. 61 at 4-5.

On February 23, 2018, plaintiff filed the present motion, again seeking an injunction. Docket No. 62. Compared to his prior motion, plaintiff's new motion adds arguments that the loss of his driver's license has had other effects on him and his family; that his civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., claims provide a basis for injunctive relief and can be asserted against government actors, including courts; and that the *Rooker-Feldman* doctrine is not automatic and requires a fact-specific inquiry with respect to each claim. *Compare* Docket No. 49 *with* Docket No. 62.

With respect to the additional harms that plaintiff argues are caused by the loss of his driver's license, plaintiff again alleges economic harm, e.g. that losing his license "significantly reduced my ability to earn a living," and alleges potentially non-economic harms only in conclusory fashion. Docket No. 62 at 10, ¶ c.ii.[1] Therefore, the Court finds plaintiff has not shown irreparable harm. See *Heideman*, 348 F.3d at 1189.

With respect to his RICO claim and the *Rooker-Feldman* doctrine, plaintiff is correct insofar as he argues that government officers and organizations can be subject to RICO liability and that the applicability of *Rooker-Feldman* is not automatic and requires a fact-specific inquiry with respect to each claim. Docket No. 62 at 8, ¶ b.x

---

[1] Plaintiff argues that the "suspension of my driver's license since July 2017 has had (1) a chilling and inconvenient effect on me and my family's wellbeing, (2) significantly reduced my ability to earn a living, (3) exposes me and my child to unnecessary risks and endangerment from emergencies and other negative elements by having to rely on public transportation, (4) my ability to support to my child's educational, social development and extracurricular activities, and (5) to generally care for my family." Docket No. 62 at 10, ¶ c.ii (citing *Bell v. Burson*, 402 U.S. 535, 539 (1971)). *Bell* addresses whether due process rights apply to revocation of a driver's licence, but it does not support a conclusion that economic harms or conclusory allegations warrant an injunction. *See Bell*, 402 U.S. at 539.

(citing *United States v. LeFevour*, 798 F.2d 977, 984-85 (7th Cir. 1986)), and at 9, ¶ b.xii (citing *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015)). The problem with plaintiff's new arguments is that the *Rooker-Feldman* doctrine applies with equal force to plaintiff's RICO claim as it does to his other claims, and the relevant inquiry is whether each claim "'consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)). Like his other claims, plaintiff seeks to use his RICO claim to attack the correctness of state court judgments based on a claim that those judgments were not made in accordance with law. *See* Docket No. 62 at 11-12, ¶ d.ii; *Thompson v. Romeo*, 728 F. App'x 796, 799 (10th Cir. 2018) (unpublished) (holding that the *Rooker-Feldman* doctrine barred jurisdiction where, "for [plaintiff] to prevail, [the federal court] would have to review, and ultimately reject, the state determinations." (internal quotation marks omitted)). Therefore, the Court finds that plaintiff has not shown a likelihood of success on the merits because he has not shown that he is likely to establish that the Court has jurisdiction to hear his claims.

Because plaintiff has not shown that he can establish each of the four elements necessary to warrant injunctive relief, the Court will deny his motion. See *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Accordingly, it is

**ORDERED** that plaintiff's Memorandum of Law in Support of (2nd) Order to Show Cause for Preliminary Injunction and Temporary Restraining Order [Docket No. 62] is **DENIED**.

DATED September 30, 2018.

BY THE COURT:

s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge