**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: 17-CV-2523-PAB-STV

| | | |
|---|---|---|
| Gilbert T. Tso, a natural person and an American, | ) ) | Article III, Court of Records Common Law |
| Plaintiff, | ) ) | Verified Complaint for: |
| v. | ) ) | ================================ |
| Rebecca Murray (a.k.a. Tso), et al., | ) ) ) | Civil RICO; Violations of Civil Rights, States & Federal Statutes; Injunctive Relief (Sought) |
| Defendants. | ) ) | Demand for Trial by Jury where permitted. |

**Plaintiff's
OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS [ECF #158]
And
MOTION FOR COURT REVIEW OF MAGISTRATE'S ORDER [ECF#158]**

Comes now Plaintiff, Gilbert T. Tso, *Pro Se/Pro Per/Sui Juris*, a natural person, an American and one of "the People of the United States", as Plaintiff respectfully *OBJECTS TO* ORDER AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [ECF#158].

In accordance with the provisions under 28 U.S.C. § 636(b)(1), § 636(b)(1)(A), D.C.COLO.LCivR 72.1, 72.2 and 72.3(a), and Fed.R.Cv.P. 72(a), your Plaintiff, on information and belief that errors of law and abuse of discretion have transpired for which he has been prejudiced, respectfully requests the U.S. District Court Judge's Review of Magistrate Judge's ORDER AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [ECF #158] regarding defendants' MOTIONS TO DISMISS [ECF #98, 100, 103, 105, 109, 117, and 137] and Plaintiff's MOTION FOR LEAVE TO TAKE JUDICIAL NOTICE [ECF #137], *de novo*; and to grant relief as this Court deems just and equitable. Pursuant to 28 U.S.C. § 636(b)(1) et seq, D.C.COLO.LCivR 72.1, 72.2 and 72.3(a), and Fed.R.Cv.P. 72(a), your Plaintiff's

OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS AND MOTION FOR COURT REVIEW OF MAGISTRATE'S ORDER is timely filled.  In support, your Plaintiff states:

## MEMORANDUM OF LAW AND CIVIL PROCEDURES
## STANDARD OF REVIEW

**Re: ORDER Granting in part/Denying in part Plaintiff's Judicial Notice pursuant to Fed.R.Evid. 201.**

1. Fed.R.Evid. 201. Judicial Notice of Adjudicative Facts, states in relevant part:

   :
   (b) Kinds of Facts That May Be Judicially Noticed.  The court may judicially notice a fact that is not subject to reasonable dispute because it:

      (1) is generally known within the trial court's territorial jurisdiction; or

      (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

   (c) Taking Notice. The court:

      (1) may take judicial notice on its own; or

      (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

   :
   (e) Opportunity to Be Heard. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

   (f) Instructing the Jury. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

2. Judicial notice is used to take notice of facts that are not subject to reasonable dispute and that "can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Fed.R.Evid 201(b)(2); see also *Roe v. Wade*, 410 U.S. 113, 149-50 (1973); *Brown v. Board of Educ.*, 347 U.S. 483, 493, 494-95 (1954).

3. When presented with facts or documents obtained from a government Web site, courts routinely take judicial notice of government compiled statistics, as well as official reports and publications from agencies of the United States and state governments. However, a party must be allowed the opportunity to dispute their authenticity and the accuracy of any facts. See *United States v. Orozco-Acosta*, 607 F. 3d 1156, 1164 n. 5 (9th Cir. 2010); *see also*, Fed.R.Evid. 201(e), *Daniels-Hall v. National Educ. Ass'n*, 629 F. 3d 992, 998-99 (9th Cir. 2010).

4. While courts are less likely to take judicial notice of facts or documents obtained from a private Web site, so long as authenticity is not disputed, some courts have taken judicial notice of facts available on a private Web site. See *O'Toole v. Northrup Grumman Corp*., 499 F. 3d 1218, 1224-25 (10th Cir. 2007); *Dias v. City and County of Denver*, 567 F.3d 1169, n.2 (10th Cir. 2009), citing *United States v. Williams,* 442 F.3d 1259, 1261 (10th Cir.2006); see also, *Doron Precision Sys., Inc. v. FAAC, Inc*., 423 F. Supp. 2d 173 (S.D. N.Y. 2006).

**Re: RECOMMENDATION to Dismiss Without Prejudice all claims pursuant to the Rooker-Feldman Doctrine and Fed.R.Civ.P. 12(b)(1).**

5. In *Exxon*, the Court narrowly construed the *Rooker-Feldman* doctrine when it stated, "The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005), at 284.

6. The Court further adds in *Exxon* that a district court is not barred "from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, … then there is jurisdiction and state law determines whether the defendant prevails under principles of

preclusion." *See* id. (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993), and citing with "accord" signal *Noel v. Hall*, 341 F.3d 1148, 1163-64 (9th Cir. 2003).

7. When a plaintiff suffers an injury out of court and then fails to get relief from the state court, a subsequent federal suit is not inextricably intertwined; only if the plaintiff complains of an injury which was caused by the state court judgment would *Rooker-Feldman* prohibit federal jurisdiction. If a plaintiff is not seeking to set aside the state court judgment but rather presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," then the federal court has jurisdiction. See, *GASH Associates v. Village of Rosemont*, 995 F.2d 726 (7th Cir. 1993) at 728-29.

8. *Rooker-Feldman*'s applicability turns on whether "the relief sought by the plaintiffs would [] reverse or 'undo' the state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006).

## ARGUMENTS

**Re: ORDER Granting in part/Denying in part Plaintiff's Judicial Notice pursuant to Fed.R.Evid. 201.**

9. Your Plaintiff respectfully requests district court review of the Magistrate Judge's ORDER denying "facts" noticed apart from those filed in documents under district court case no. 16-CV-2480. In Plaintiff's presentation of the "facts", Plaintiff provided under the heading "note", his personal statements, however inartfully expressed, intended to explain to this Court how and why Plaintiff considers these facts relevant to the issues stated in his Complaint. [*See*, ECF #137 at ¶ 3] These "facts" were sourced from state government sources, the Illinois Bar Association, court-subpoenaed records (from AT&T Cellular) from the Illinois case, and the federal government's Congressional Research Service; the remaining "facts" were sourced from the American Association of University Women. All "facts" had proper citations and links to enable this Court to verify the content.

10. Defendants argued to exclude these "facts" from the Court alleging these "facts" cannot be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  The Magistrate Judge agreed with the defendants and further reasoned that "the cited sources are not the types of materials courts generally recognize as 'sources whose accuracy cannot reasonably be questioned, citing *The Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) (refusing to 'accept as true the contents of [news] articles').  Your Plaintiff objects and states in support that (i) the Magistrate misread Plaintiff's "note" for the actual content being noticed, (ii) the Magistrate ignored the guidance of Fed.R.Evid 201(b)(2) that judicial notice is used to take notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Fed.R.Evid 201(b)(2); see also *Roe v. Wade*, 410 U.S. 113, 149-50 (1973); *Brown v. Board of Educ.*, 347 U.S. 483, 493, 494-95 (1954), and (iii) the "facts" offered in this case are from sources arguably more reliable than news articles the Magistrate cites from *The Estate of Leckett ex rel. Lockett* based on his opinion. Plaintiff provided the Magistrate with the proper and accessible citations to the sources of the facts noticed, and any party can readily avail themselves to examine the "facts" presented for accuracy, traceability and verification.  At a minimum, the sources from the federal and Illinois government can be accurately and readily determined.  Defendants as well as the Magistrate failed to provide specifics disputing these government "facts" and can only make sweeping and generalized assertions, lacking specificity in their objections.  Furthermore, the Magistrate denied Plaintiff a hearing to respond [*See* Fed.R.Evid 201(e)].  The Magistrate abused discretion, failed to provide any substantial or specific objections, and denied Plaintiff due process to a hearing to argue the accuracy and validity of the noticed facts and their sources, to notice facts significant to his claims.  Plaintiff has already argued these "facts" go to further supporting his RICO claims and the plausibility for the alleged motivations behind defendants' predicates.

**Re: RECOMMENDATION to Dismiss Without Prejudice all claims pursuant to the Rooker-Feldman Doctrine and Fed.R.Cv.P. 12(b)(1).**

11. Your Plaintiff respectfully objects to the Magistrate Judge's RECOMMENDATION for the following reasons:

    a. The requested relief matters; Rooker-Feldman's applicability turns on whether "the relief sought by the plaintiffs would [] reverse or "undo" the state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006). Plaintiff's Claim #3 and #4 under the RICO cause of action seek relief for injuries suffered outside the court's judgment for which your Plaintiff was unable to obtain relief from the state court. *See* ECF #96 at 248-250 "Plaintiff's Injuries and Relief Sought". For that reason, Plaintiff's federal Claim #3 and #4 under the RICO Act are not "inextricably intertwined". *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) at 284, (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993), and citing with "accord" signal *Noel v. Hall*, 341 F.3d 1148, 1163-64 (9th Cir. 2003). In fact, the relief sought in Claim #3 and #4 do not "undo" the state judgment when the state judgment was actually favorable to the Plaintiff's cause as it relates to the injuries at issue in Claim #3 and #4 – as such, the Magistrate failed to carefully dissect and evaluate the claims against the relief sought, and erred in his recommendation to dismiss Claims #3 and #4 under the *Rooker-Feldman* doctrine, contravening the Supreme Court's guidance in *Exxon* [See ¶¶ 5-6], *GASH* [See ¶ 7] and *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006). *Rooker-Feldman* is inapplicable for Claim #3 as Plaintiff is clearly the state court "winner" concerning the 375 W. Erie Street property awarded him in the state court judgment, but ultimately was injured by defendants' criminal mischief and other RICO predicates defendants employed to harm your Plaintiff and to deny him justice.

b. In *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), the Supreme Court rejected the application of the *Rooker-Feldman* doctrine though the state-court judgment at issue in *Pennzoil* was the cause of plaintiff's injury – the unfavorable ruling led to Texaco's vulnerability to the challenged enforcement procedure – reasoning that the state-court judgment could be correct, and the enforcement mechanism could still be unconstitutional. Applying *Pennzoil* in *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1170 (10th Cir. 1998), the Tenth Circuit enjoined a state enforcement procedure "separable from and collateral to the merits of the state-court judgment." (internal citations and quotation marks omitted). The Tenth Circuit noted that *Pennzoil* established that sometimes a state-court judgment gives rise to a new problem (like Texas' post-judgment collection procedure) and that the new problem can get federal review without impermissible examination of the initial state-court decision. *See id*. Your Plaintiff argues these circumstances are evident in Claims #2 (RICO 1962(a)) and #5 (Section 1983 action for administrative due process violations), and the Magistrate Judge erred in recommending this claim be dismissed under *Rooker-Feldman*. In ECF #96, Complaint, your Plaintiff asserts he was denied due process in the enforcement of the state judgment (alleged to be the result of local practice, policy and customs; *see* ECF #96 at ¶ 93,¶ 117 at Defendants' Relationship and Individual Roles – 2.vi, ¶ 152, ¶ 252(e), ¶ 269), where (i) Plaintiff was denied due process to a UIFSA hearing to contest the registration of the IL order by tribunals designated under Colorado statutes, [see ECF #96 at ¶ 153, e.g. defendant DENVER DHS-CSS is a designated tribunal under Colorado UIFSA statutes], and (ii) Plaintiff's ability to pay to relieve the debt and avoid deprivation, [ ] was never reviewed and adjudicated at a hearing. The suspension of Plaintiff's driver's license without a hearing denied Plaintiff not only due process but has placed a chilling effect on Plaintiff's ability to earn a living and to care for Plaintiff's family, adversely

impacting their overall well-being. Indeed, the *Pennzoil* and *Kiowa* analyses are likewise significant to Plaintiff's Section 1983 Claim (Claim #5) when Plaintiff's federal rights to contest a support order under state implementation of the UIFSA per federal congressional mandate for Title IV-D, in accordance with 28 U.S.C. § 1738B – Full Faith and Credit for Child Support, also enacted by Congress to compliment enforcement under the UIFSA, were denied in the course of enforcement of the state judgment of November 9, 2011. These violations of Plaintiff's right to due process and equal protection of laws (*see* ECF #96 at ¶¶ 103, 128, 148, 149, and 259) inhered under US Const. amend. XIV are exactly the sort of unconstitutional enforcement addressed by the Supreme Court in *Pennzoil* and by the Tenth Circuit in *Kiowa*, where in both instances the court rendered the *Rooker-Feldman* doctrine inapplicable.

c. Regarding Claim #5, in ECF #158 at pp. 30, the Magistrate Judge charges that the relief sought by your Plaintiff is "a blatant attempt to invalidate the effects of the state court judgments and 'restor[e] [ ] the pre-deprivation status quo." The Magistrate Judge goes further to state that "absent a finding that the state court orders were illegally obtained or otherwise unlawful, there would be no basis for the Court to enjoin the states' enforcement activities." Your Plaintiff disagrees as the states' enforcement activities proximately related to the state judgment of November 9, 2011 (Illinois judgment for dissolution of marriage) denied your Plaintiff due process in violation your Plaintiff's federal rights under US Const. amend. XIV. While your Plaintiff is not shy about stating his belief that the state judgment, and subsequent administrative orders enforcing the November 9, 2011 judgment are unlawful and provided support for his belief, that issue is not at the core of the grievances presented in Claim #5. The injuries your Plaintiff complains of in Claim #5 all arise from "violations of Federal substantive, procedural, and statutory rights outlined in the

claims presented in FIRST CAUSE and SECOND CAUSE herein" attached to US Const. amend. V and US Const. amend. XIV specific to: (i) a violation of 42 U.S.C. § 666(f)/C.R.S. § 14-5-607 [*see* ECF #96 at ¶¶ 63, 78-80, 82-83], and (ii) as these violations relate to due process in the enforcement of the state judgment construed within the RICO claim as predicate acts under 18 U.S.C. § 1512(d) [*see* id. at ¶ 203] and 18 U.S.C. § 1513(e)(f) [*see* id. at ¶ 219]", *see also* id. at ¶ 264. Stated more succinctly, Plaintiff's injuries in Claim #5 arise from due process violations committed during administrative enforcement of the state judgment (e.g. at the time of registering the IL judgment in CO and subsequently during the imposition of state penalties), whether the Court finds these violations fall within a wider RICO conspiracy or not. All defendants named in Claim #5 are either state tribunals for administrative enforcement of the state judgment[1] or are individuals with *respondeat superior* accountability to oversee enforcement. Nothing in the relief sought in Claim #5 seeks to reject or "undo" the state judgment; arguably, it raises issues of its enforcement and the alleged denial to Plaintiff of his right to due process. To be clear, the "pre-deprivation status quo" your Plaintiff speaks of refers to the instant in time just prior to the violations of due process and equal protection denying your Plaintiff federally mandated UIFSA hearings Plaintiff petitioned for in October 2016 to the statutorily designated UIFSA tribunals of the State of Colorado and thereafter concerning the unconstitutional suspension of licenses and denial of U.S. Passport renewal without a hearing. Plaintiff's Claim #5, however inartfully pleaded, supports this, and this statement objecting to the Magistrate's recommendations should set the record straight.

---

[1] Pursuant to C.R.S. § 14-5-103 Tribunals of this state. The court and administrative agency are the tribunals of this state [for controversies involving the UIFSA]. The administrative agency of record is DENVER DHS-CSS and COLORADO DHS. See also, Article III, Section 3 Constitution of the State of Colorado – Executive Branch powers to enforce statutes; DENVER DHS-CSS and COLORADO DHS are under the Executive Branch.

12. Furthermore, misstatements of Plaintiff's Complaint ECF #96, misquotation of caselaw in key areas of the Magistrate's analysis and conflating the facts of this case with other cases to support a narrative partial to defendants' arguments all give rise to valid concerns of bias, prejudice and hostility toward your Plaintiff's cause, a pro se litigant, consequently denying your Plaintiff his federal right to an impartial tribunal. This alone should justify a de novo review of the recommendations.

   a. In *Dillon v. Alan H. Shifrin & Assocs., LLC*, 16-CV-05761, 2017 WL 2480706, at *4 (N.D. Ill. June 8, 2017), contrary to what is stated in the Magistrate's analysis, *Rooker-Feldman* had no effect on the dismissal of the plaintiff's RICO claim; rather it was the Domestic Relations Exception that barred the RICO claim. *See at web link*: https://www.leagle.com/decision/infdco20170608e27

   b. In *O'Grady v. Marathon Cty. Child Support Agency*, No. 05-2418 (JNE/JJG), 2006 WL 1715473, at *4 (D. Minn. June 19, 2006), aff'd. 282 F. App'x 496 (8th Cir. 2008), none of the defendants in the RICO claims were judges presiding over that case. The Magistrate Judge is being intellectually dishonest when he accuses Plaintiff of "attempts at a tortured analysis to separate certain claims from the elements of the *Rooker-Feldman* doctrine" while being entirely dismissive of Plaintiff's effort at seeking justice and implicating the entire state court proceeding, including judges, under the RICO Act. The facts and allegations of this instant case are different from *O'Grady*, the case cited by the Magistrate to support his findings; most importantly, your Plaintiff has implicated the judges involved in the state court proceedings as racketeers putting the entire state court proceeding into question; such was not the case in O'Grady who never implicated the judges as co-defendants engaged in racketeering. By not implicating the judges O'Grady is directly challenging the state court judgment, not the actions of the judges producing the judgment; your Plaintiff is seeking a federal review of the judges' actions without necessarily "undoing" the

judgment – in arguendo, when the actions of a judge are administrative in nature as Plaintiff has argued in his responses to defendants' motions to dismiss [see ECF #119 - #125, in particular Plaintiff's responses to STATE OF COLORADO and STATE OF ILLINOIS defendants re: judicial immunity], and also violative of the law and his oath to the federal and state constitutions, common law has established those orders are *void ab initio* and hence there's nothing lawful or legal to "undo". Your Plaintiff further argues that this case attempts to litigate in federal court a matter not previously litigated in state court. Consistent with the Supreme Court's opinion in *Exxon*, your Plaintiff presents "independent claims, albeit ones that denies a legal conclusion that a state court has reached in a case to which he was a party"; indeed, no RICO claims against the defendants have yet to be entered in any state court, whether under 18 U.S.C. § 1962 or C.R.S. § 18-17-101 et seq. Nowhere within Claim #2, #3, #4 and #5 is Plaintiff seeking to vacate, reject or "undo" the state judgment. Your Plaintiff's federal claims are not "inextricably intertwined" when reviewed in the context of *GASH*. As the Supreme Court has clarified in *Exxon* [*see* ¶ 6] Plaintiff argues that under the facts of this case "there is jurisdiction, and state law determines whether the defendant prevails under principles of preclusion."

c. Finally, the Magistrate Judge misstated Plaintiff's facts when stating that "the Colorado formula would result in a higher child support obligation." First, a support obligation is what the state judgment imposed on Plaintiff in 2012, but according to the UIFSA, an obligation not a support order. Nonetheless, the greater misstatement comes from the Magistrate Judge confusing Colorado for Illinois in his summary of the facts, which obfuscates the motives that were otherwise clearly articulated by Plaintiff in his Complaint, ECF #96 at ¶ 124.

13. Your Plaintiff is not accusing the judge defendants of committing errors in law and seeking appeal to correct these errors; rather, your Plaintiff is accusing the judge defendants of

engaging in RICO predicates to further human trafficking for involuntary servitude for personal gain. Plaintiff's injuries were proximately caused by the judge defendants' actions in cahoots with the other defendants, and the state court's administrative orders deriving from the November 9, 2011 judgment are the byproduct of defendants' RICO predicates. As in *Pennzoil*, the unconstitutional and unlawful enforcement of the November 9, 2011 judgment creates an independent cause of action where federal review is permissible.

## SUMMARY

14. Your Plaintiff respectfully disagrees with and objects to the Magistrate Judge's proposed findings and recommendations, specifically as stated in the preceding paragraphs, and reserves his right to seek *de novo* review by the district court or for further appellate review.

15. Your Plaintiff believes that he is being held to a much higher standard in these proceedings than what the U.S. Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 192 (1962), in reference to *Conley v. Gibson*, stated that "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel [or in this instant case a pro se litigant,] may be decisive to the outcome …" See also, *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988) (quoting *Huges v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

16. Your Plaintiff asks that this Honorable Court consider your Plaintiff's grievances and allegations in the context of the U.S. Supreme Court's statement, "Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them." *Miranda v. Arizona*, 380 US 426 (1966). Plaintiff presented valid claims under the RICO Act

alleging human trafficking for involuntary servitude is being perpetrated by state officials and state judges; applying the *Rooker-Feldman* doctrine to deny federal jurisdiction in this Court because a state court's administrative orders and state court proceedings are implicated is ludicrous and insults Americans' sense of justice. The only logical outcome from this line of reasoning is that states now have a means, a legal loophole, to corruptly exploit the Title IV-D programs through state judges and administrative proceedings in state courtrooms before a judge for monetary gain from federal incentives and denying Americans' their individual federal rights to due process and equal protection under *both* federal and state laws, to the extent the only judicial recourse arguably available to Americans' seeking to sue state judges for civil remedies to injuries caused by the racketeering activities of these judges and state officials acting in administrative capacities is the U.S. Supreme Court.

Respectfully submitted,

s/ Gilbert T. Tso
*Gilbert T. Tso*
4255 Kittredge Street, #922
Denver, CO 80239
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATION OF DUTY TO CONFER

On October 5, 2018 Plaintiff contacted Defendants' counsels to notify them of his forthcoming *OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS and MOTION FOR COURT REVIEW OF MAGISTRATE'S ORDER*.  Counsels for Illinois state and individual defendants, Murray defendants, and Denver municipal defendants all oppose. At the time this pleading was filed, other defendants have not responded, and their position is unknown at the time this *MOTION* was filed.

s/ Gilbert T. Tso_____
***Gilbert T. Tso***
4255 Kittredge Street, #922
Denver, CO  80239
Telephone: 312-339-1968
Email: gilbert.tso@gmail.com
*Pro Se Plaintiff, Party of Record*

## CERTIFICATE OF SERVICE

  This is to certify that I have duly served the within *Plaintiff's OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATIONS and MOTION FOR COURT REVIEW OF MAGISTRATE'S ORDER* upon all parties herein by depositing copies of same via CM/ECF, this 10th day of October 2018, addressed as follows:

**By CM/ECF:**

Allison R. Ailer, Ass't. Att'y General
State of Colorado
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
E-Mail:  allison.ailer@coag.gov
*Counsel of Record

Richard M. Murray, Esq.
Polsinelli P.C. - Denver
1401 Lawrence Street, Ste. 2300
Denver, CO 80202
E-Mail:  rmurray@polsinelli.com
    rwarren@polsinelli.com
*Counsel of Record

Robert A. Wolf, Esq.
Sherri L. Catalano
City and County of Denver
1200 Federal Blvd., 4th Floor
Denver, CO 80204
E-Mail:  robert.wolf@denvergov.org
*Counsels of Record

Eric M. Ziporin
Jonathan N. Eddy
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
E-Mail:  eziporin@sgrllc.com
    jeddy@sgrllc.com
*Counsels of Record

Tory D. Riter, Esq.
Kelly L. Kafer, Esq.
Baldwin Morgan & Rider, P.C.
1512 Larimer Street, Ste. 450
Denver, CO 80202
E-Mail:  triter@morganrider.com
    kkafer@morganrider.com
*Counsels of Record

Margaret L. Boehmer
Kevin S. Taylor, Esq.
Taylor Anderson LLP
1670 Broadway, Suite 900
Denver, CO 80202
E-Mail:  ktaylor@talawfirm.com
    mboehmer@talawfirm.com
*Counsels of Record

        s/ Gilbert T. Tso_____
        ***Gilbert T. Tso***
        4255 Kittredge Street, #922
        Denver, CO  80239
        Telephone: 312-339-1968
        Email: gilbert.tso@gmail.com
        *Pro Se Plaintiff, Party of Record*