IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02523-PAB-STV

GILBERT T. TSO, a natural person and an American,

Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL MURRAY, individually,
DENA MURRAY, individually,
JOANNE JENSEN, individually,
RICHARD F. SPIEGLE, PSY.D., individually,
ELIZABETH A. STARRS, individually,
DAVID P. BRODSKY, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity,
19th JUDICIAL CIRCUIT COURT, LAKE CO., IL,
2nd DISTRICT COURT, DENVER COUNTY, CO,
DENVER DEPT. OF HUMAN SERVICES,
COLORADO DEPT. OF HUMAN SERVICES,
COLORADO DIVISION OF MOTOR VEHICLES, and
CITY AND COUNTY OF DENVER,

Defendants.

_____

**ORDER ADOPTING RECOMMENDATION OF MAGISTRATE JUDGE**
_____

This matter comes before the Court on Plaintiff's Objections to Magistrate Judge's Recommendations and Motion for Court Review of Magistrate's Order [Docket No. 162], wherein plaintiff Gilbert T. Tso seeks review of United States Magistrate Judge Scott T. Varholak's Order and Recommendation [Docket No. 158] dated September 26, 2018. This matter also comes before the Court on plaintiff's Motion for Leave to Amend Complaint [Docket No. 161] dated October 9, 2018.

Judge Varholak recommends granting six motions to dismiss (collectively, the "motions to dismiss"), filed by: (1) defendants the 19th Judicial Circuit Court, Lake County, State of Illinois (the "Illinois 19th Judicial Circuit"), Charles D. Johnson, and David P. Brodsky (collectively, the "Illinois judicial defendants") [Docket No. 98]; (2) defendants Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, the 2nd District Court, Denver County, Colorado (the "Denver District Court"), the Colorado Department of Human Services ("CO DHS"), and the Colorado Division of Motor Vehicles ("DMV") (collectively, the "Colorado defendants") [Docket No. 100]; (3) defendants Tanya Akins, Sherr Puttmann Akins Lamb, P.C., Jeannie Ridings, and Kililis Ridings & Vanau, P.C. (collectively, the "attorney defendants") [Docket No. 102]; (4) defendants City and County of Denver ("Denver"), Denver Department of Human Services ("Denver DHS"), Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, and Don Mares (collectively, the "Denver defendants") [Docket No. 103]; (5) defendant Dr. Richard F. Spiegle [Docket

No. 105]; and (6) defendants Rebecca Murray, Russell Murray, Dena Murray, and Joanne Jensen (collectively, the "Murray defendants") [Docket No. 107]. Judge Varholak recommends denying plaintiff's Motion to Set Aside the Scheduling Order for Amendments to the Complaint and Motion for Leave to Amend and Supplement Complaint (the "motion to amend") [Docket No. 117]. Judge Varholak also ordered that plaintiff's Motion for Judicial Notice [Docket No. 137] be granted in part and denied in part.

Plaintiff filed a timely Objection to the Magistrate Judge's Recommendation and Motion for Court Review of Magistrate's Order [Docket No. 162]. The defendants filed timely Responses to the Objection. Docket Nos. 165, 168, 169, 170, 171, 172.

## I. BACKGROUND

No parties object to the facts as set forth by Judge Varholak in his recommendation [Docket No. 158]. *See* Docket Nos. 162, 165. Those facts are drawn from the allegations in plaintiff's Third Amended Verified Complaint [Docket No. 96], which are to be taken as true in considering a motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). Accordingly, the Court adopts and incorporates those facts as if set forth herein. *See* Docket No. 158 at 3-17. The Court briefly restates background relevant to this case's procedural history here.

### A. Prior federal litigation (*Tso I*)

On October 3, 2016, Mr. Tso filed a lawsuit against many of the same defendants named in this case, asserting similar claims and arising out of the same domestic proceedings in Illinois and Colorado. *See Tso v. Murray*, No. 16-cv-02480-WJM-STV ("*Tso I*"). Mr. Tso alleged that defendants violated his Fifth and Fourteenth

Amendment rights, that defendants violated and conspired to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and that Colorado Revised Statute § 14-10-124 is unconstitutional. Docket No. 158 at 9. Magistrate Judge Shaffer recommended that Mr. Tso's claims be dismissed, and Judge Martinez adopted his recommendation in its entirety. *Id.* at 10. Though all claims have been dismissed, an appeal is currently pending before the Tenth Circuit, and a motion for relief filed by Mr. Tso is currently pending before Judge Martinez. *Id.*

### B. Current lawsuit

While Judge Shaffer's recommendation in *Tso I* was pending, Mr. Tso filed the instant lawsuit. *Id.* He has amended his complaint three times, with the operative complaint being the Third Amended Complaint [Docket No. 96]. In granting Mr. Tso leave to file his then-proposed Third Amended Complaint, the Court set May 4, 2018, as the deadline to file any further amendments to the complaint. Docket No. 95.

Mr. Tso's Third Amended Complaint, filed on April 17, 2018, asserts five causes of action arising out of the Illinois and Colorado domestic proceedings. *See* Docket No. 96. Mr. Tso's first claim alleges that the Denver defendants, Goldberg, Pardus, and the CO DHS violated the Fifth Amendment's Takings Clause. Docket No. 158 at 11. Mr. Tso's second, third, and fourth claims, all under RICO, allege that the defendants engaged in three separate racketeering schemes aimed at maximizing the amount of child support obligations owed by Mr. Tso. *Id.* at 12-13. Finally, Mr. Tso's fifth claim is a 42 U.S.C. § 1983 civil rights claim, alleging that the state and local agencies in Colorado, along with the defendants sued in their official capacities, violated Mr. Tso's

4

substantive, procedural, and statutory rights.  *Id*. at 13.  Mr. Tso seeks a combination of damages and prospective and injunctive relief.  *Id.* at 11-13.

Defendants filed six motions to dismiss.  *See* Docket Nos. 98, 100, 102, 103, 105, and 107.  Defendants assert that (1) the Court lacks subject-matter jurisdiction over Mr. Tso's claims pursuant to both the domestic relations exception and the *Rooker-Feldman* doctrine; (2) the Court lacks personal jurisdiction over the Illinois judicial defendants and the Illinois attorneys; (3) some defendants are entitled to judicial immunity, quasi-judicial immunity, qualified immunity, or are immune from suit under the 11th Amendment; (4) Mr. Tso's allegations fail to state a valid Fifth Amendment, RICO, or Fourteenth Amendment claim; (5) Mr. Tso's § 1983 claim is barred by the statute of limitations; (6) Mr. Tso's claims are barred by res judicata and collateral estoppel because they are identical to those raised in *Tso I*; and (7) Mr. Tso's Third Amended Complaint fails to comply with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a).  Docket No. 158 at 13-16.  Mr. Tso filed responses to each motion to dismiss.  *See* Docket Nos. 119, 120, 121, 122, 123, 124, and 129-1.

On May 31, 2018, Mr. Tso filed a Motion to Amend [Docket No. 117].  He filed a supplemented/amended version of that motion [Docket No. 128] seven days later.

On September 26, 2018, Judge Varholak issued his Recommendation that the Court grant the motions to dismiss, deny Mr. Tso's motion to amend, and dismiss the action as to all defendants and all claims.  Docket No. 158.  On October 9, 2018, Mr. Tso filed another Motion for Leave to Amend his complaint.  Docket No. 161.  On October 10, 2018, Mr. Tso filed his Objection to the Recommendation.  Docket No. 162.

## II. STANDARD OF REVIEW

### A. *Pro se* status

The Court construes papers filed by Mr. Tso liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall*, 935 F.2d at 1110.

### B. Rule 72

When reviewing magistrate judge orders on non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a).

When a magistrate judge issues a recommendation on a dispositive matter, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

### C.   Rule 12(b)(1)

A motion under Fed. R. Civ. P. 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A plaintiff bears the burden of establishing that the Court has jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1).  *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).  The court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment.  *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003).

### D. The *Rooker-Feldman* doctrine

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Section 1257(a) of United States Code Title 28 provides that only the Supreme Court – not lower federal courts – has jurisdiction to review "[f]inal judgments or decrees" rendered by a state court. *See* 28 U.S.C. § 1257(a); *Suasnavas v. Stover*, 196 F. App'x 647, 652 n.3 (10th Cir. 2006) (unpublished).

The *Rooker-Feldman* doctrine derives from the statutory bar in 28 U.S.C. § 1257(a). *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Suasnavas*, 196 F. App'x at 652 n.3. In *Rooker*, the Supreme Court concluded that federal district courts "could [not] entertain" litigation that sought to overturn a state court judgment because Congress vested only the Supreme Court with that authority. *Rooker*, 263 U.S. at 416; *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018). The Supreme Court has cautioned that *Rooker-Feldman* applies in the "limited circumstances" where "the losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). "[A]n element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (applying *Exxon Mobil*, 544 U.S. at 284).

In a recent decision, the Tenth Circuit distinguished cases governed by *Rooker-Feldman*, where a federal court is jurisdictionally barred from hearing the case, from

cases governed by the preclusion doctrine, where a federal court is not jurisdictionally barred from hearing the case but the claims might fail because they are precluded. *See Mayotte*, 880 F.3d at 1174-75. As the Tenth Circuit explained, "[w]hat *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Id*. at 1174 (emphasis in original). For example, if the federal case "alleged that a defect in the state proceedings invalidated the state judgment," the case would be jurisdictionally barred under *Rooker-Feldman*. *Id*. at 1174-75. However, a claim seeking relief that is "inconsistent" with the state court judgment is "the province of preclusion doctrine." *Id*.

The Court addresses *Rooker-Feldman* "before turning to the merits of the case" because it implicates the Court's subject matter jurisdiction. *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). The Court "independently consider[s] each claim against the backdrop of the *Rooker-Feldman* doctrine." *Flanders v. Lawrence (In re Flanders)*, 657 F. App'x 808, 814 (10th Cir. 2016) (unpublished).

All of the motions to dismiss argue that plaintiff's claims are jurisdictionally barred by the *Rooker-Feldman* doctrine. *See* Docket Nos. 98, 100, 102, 103, 105, and 107.

## III.  ANALYSIS

### A.  Motion for Judicial Notice

In support of his complaint, plaintiff filed a Motion for Judicial Notice [Docket No. 137], asking the Court to take notice of six "facts." Judge Varholak granted the motion as to one fact and denied it as to the other five on the grounds that the statements "appear to reflect [plaintiff's] own summary or interpretation of the cited sources" and do not draw from "the types of materials courts generally recognize as 'sources whose

accuracy cannot reasonably be questioned.'" Docket No. 158 at 20-21 (citing *The Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). Plaintiff objects, arguing that Judge Varholak and defendants have not provided "substantial or specific objections" to his proffered facts and that Judge Varholak abused discretion by not holding a hearing on plaintiff's motion. Docket No. 162 at 5.

On review of this non-dispositive motion, the Court concludes that Judge Varholak's order is not "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Fed. R. Evid. 201(b)(2) requires that facts subject to judicial notice must be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judge Varholak's analysis correctly determined that the five facts proffered by plaintiff either reflected plaintiff's characterization of the cited sources or drew from sources whose accuracy can be reasonably questioned, rendering them unfit for judicial notice under Fed. R. Evid. 201. *See* Docket No. 158 at 20-21.

Plaintiff's objections are not grounded in the law. It is the burden of the party requesting judicial notice, not the trial judge or the opposing party, to persuade the trial judge that the fact is a proper matter for judicial notice. *See In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992) (applying Fed. R. Evid. 201). Further, a court is not required to hold a formal hearing "every time a *proponent* of judicial notice so demands," but can instead render a decision by "duly considering [proponent's] briefs." *See Am. Stores Co. v. C.I.R.*, 170 F.3d 1267, 1271 (10th Cir. 1999). As the magistrate judge's order is not contrary to law, and plaintiff's objections are groundless, Judge Varholak's granting in part and denial in part of plaintiff's Motion

for Judicial Notice [Docket No. 137] is affirmed.  Plaintiff's Motion for Court Review of Magistrate's Order [Docket No. 162] is overruled.

## B.  Motions to Dismiss

### 1.  First Claim – the Fifth Amendment Claim

Plaintiff's first claim alleges that the governmental defendants violated the Takings Clause of the Fifth Amendment by imposing an unreasonably high child support burden, which he claims constitutes a taking of his property without just compensation.  *See* Docket No. 96 at 24, ¶ 81, and at 26-27, ¶¶ 90-93.  Judge Varholak concluded that the claim is barred by the *Rooker-Feldman* doctrine because the relief sought by plaintiff would "require the review and rejection of the state court's orders."  *See* Docket No. 158 at 24.

Plaintiff does not state any "sufficiently specific" objections to Judge Varholak's recommendation in regard to the Fifth Amendment claim.  *See One Parcel of Real Property*, 73 F.3d at 1059; Docket No. 162 at 6-11, ¶¶ 11-12.  Plaintiff does not mention the First Claim, the Takings Clause, or the Fifth Amendment at any point in his objections.  *See* Docket No. 162 at 6-11, ¶¶ 11-12.  Additionally, plaintiff appears to concede that the First Claim seeks to undo the state judgment.  *See id*. at 11, ¶ 12(b) ("Nowhere within Claim #2, #3, #4 and #5 is [p]laintiff seeking to vacate, reject or "undo" the state judgment.").  Therefore, for this claim, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Seeing no clear error, the Court adopts Judge Varholak's Recommendation and dismisses the First Claim against all defendants for lack of subject matter jurisdiction.

11

### 2.  Second, Third, and Fourth Claims – the RICO Claims

Plaintiff alleges that defendants engaged in three separate, "somewhat internally inconsistent" racketeering schemes aimed at maximizing the amount of child support obligations owed by plaintiff, thereby increasing the amount of Title IV-D incentive money that would be received by the governmental defendants.[1]  *See* Docket No. 96 at 28-87, Docket No. 158 at 12 n.7.

Judge Varholak concluded that all three claims are barred by the *Rooker-Feldman* doctrine.  *See* Docket No. 158 at 26-29.  He observed that, in *Tso I*, the Court held that *Rooker-Feldman* barred plaintiff's RICO claims because the Court "inevitably [would] have to review [] state court proceedings to determine if the judgments were reached as a result of [d]efendants' allegedly illegal schemes."  *Id*. at 27 (quoting *Tso I*, Docket No. 282 at 20).  While plaintiff made minor changes to the claims made in *Tso I*, such as adding a third RICO scheme involving the CO DHS, Denver DHS, and DMV, and adding numerous named defendants, Judge Varholak concluded that these changes do not "fundamentally change[] the nature of the claims" because the claims continue to "challenge the legality of the state court judgments."  *Id*. at 27-28.

Plaintiff objects, arguing that (1) the Third and Fourth Claims do not seek to "undo" the state judgment; (2) the racketeering activity alleged in the Second Claim

---

[1] Judge Varholak observes that "[plaintiff's] RICO allegations consist of 162 paragraphs spread over 59 pages and are somewhat convoluted and difficult to follow." Docket No. 158 at 11.  Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim," and defendants argue that plaintiff's Third Amended Complaint violates this Rule.  *See* Docket No. 107 at 14.  Without expressing an opinion on the merit of defendants' Rule 8 argument, the Court finds plaintiff's allegations sufficiently intelligible to resolve the motions to dismiss on grounds of subject matter jurisdiction.

creates a "new problem" that can receive federal court review without examining the initial state court decision; (3) Judge Varholak misstated plaintiff's complaint and case law, indicating "prejudice and hostility" toward plaintiff; and (4) because plaintiff's complaint "implicate[s] the judges in the state court proceedings as racketeers," plaintiff does not necessarily seek to undo the judgment. *See* Docket No. 162 at 6-12.

The Court finds plaintiff's objections to be without merit. First, plaintiff's argument that *Rooker-Feldman* bars only claims that would "undo" the state court judgment does not accord with 10th Circuit precedent. *See* Docket No. 162 at 6, ¶ 11(a). As explained in *Mayotte*, the core claim prohibited under *Rooker-Feldman* is "a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment." 880 F.3d at 1174 (emphasis removed). Claims Three and Four both allege that plaintiff suffered injury due to racketeering activity by defendants that affected various judgments entered by both the Illinois and Colorado state courts. *See* Docket No. 96 at 78-86, ¶¶ 245-55. For example, plaintiff alleges that the judicial defendants "manipulated and directly influenced the proceedings in the [RICO enterprise's] courtrooms." *See id.* at 37-38, ¶¶ 117(iii), 117(vi). Plaintiff's requested relief for the RICO claims includes an injunction preventing various governmental defendants from "acting on" or "enforcing" state court orders. *See* Docket No. 96 at 90-91, ¶ 271. For the Court to grant plaintiff his requested relief, the Court would need to review the state court proceedings to determine whether the judicial defendants in fact manipulated the judicial proceedings in Illinois and Colorado state court to lead to an incorrect judgment. *See Mayotte*, 880 F.3d at 1174. The Court would then need to issue an injunction that has the practical

13

effect of "set[ting] aside" the state court's judgment, thus implicating *Rooker-Feldman*. *Id.* The *Tso I* court, reviewing plaintiff's almost identical claims, came to the same conclusion. *See Tso I*, Docket No. 282 at 18-20. In that case, the court concluded that considering plaintiff's allegations would require that the court "inevitably [] review [the] state court proceedings to determine if the judgments were reached as a result of [d]efendants' allegedly illegal schemes," which is barred by *Rooker-Feldman*. *See id.* at 20. None of the changes made by plaintiff to his claims here change the fundamental problem – granting the plaintiff the relief he seeks requires this Court to review the state court proceedings and conclude that their judgments need to be set aside. *Rooker-Feldman* bars this type of review.

Next, plaintiff argues that the Second Claim, which alleges that a RICO enterprise aimed at maximizing federal incentive money under Title IV-D caused injury to plaintiff, is not barred by *Rooker-Feldman* because *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), rejected application of *Rooker-Feldman* where "the state-court judgment could be correct, and the enforcement mechanism could still be unconstitutional." *See* Docket No. 162 at 7, ¶ 11(b). Plaintiff asserts that, as part of the conduct alleged in the Second Claim, he was denied due process in the enforcement of the state judgment because (1) he was denied due process to a Uniform Interstate Family Support Act ("UIFSA") hearing to contest registration of the Illinois order and (2) plaintiff's ability to pay "to relieve the debt and avoid deprivation" was never reviewed at a hearing. *Id*. Among the defendants implicated in the alleged racketeering activity in the Second Claim are the Illinois 19th Judicial Circuit (including Judges Brodsky and Johnson) and the Denver District Court (including Judges Starrs, Buchanan, and Goldberg). *See*

Docket No. 96 at 75-76, ¶ 239.  Plaintiff summarizes his injuries under the Second

Claim as "arising from the acts of coercion and extortion" by the alleged RICO

enterprise.  *See id*. at 77, ¶ 243.  These acts include the state court judgments.  For

example, plaintiff alleges that the Illinois 19th Judicial Circuit "abuse[d] [] the law and

legal process" in imposing an interstate debt obligation against plaintiff.  *See id*. at 71, ¶

228.  Plaintiff's allegations require the Court to review the legality of the state court

judgment to determine if, for example, the Illinois 19th Judicial Circuit's judgment

against plaintiff was legal.  *See Campbell*, 682 F.3d at 1283 ("[A]n element of [a claim

barred by *Rooker-Feldman*] must be that the state court wrongfully entered its

judgment.").   Plaintiff's challenges to particular post-enforcement proceedings grow out

of review of the state-court judgments, as plaintiff alleges that the challenged post-

enforcement proceedings are part of a RICO enterprise that includes the state court

judgments.  *See* Docket No. 96 at 76-77, ¶¶ 240-243.  The Tenth Circuit recently

affirmed that, where a due process claim "rests almost entirely on allegations

concerning the state court proceedings and [plaintiff] would not be able to prove his

claim without reference to those proceedings," the claim is barred by *Rooker-Feldman*.

*See McDonald v. Arapahoe Cty.*, 2018 WL 6242214, at *3 (10th Cir. Nov. 28, 2018)

(unpublished).

Plaintiff cites *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1171 (10th

Cir. 1998), for the proposition that the court may review "particular post-judgment

enforcement procedures."  However, the Tenth Circuit in that case concluded that

review of "particular post-judgment enforcement procedures" could proceed because

they would not "disturb[] the underlying judgments."  *Id*.  By contrast, here plaintiff's

alleged racketeering scheme would require the Court to conclude that "the state court wrongfully entered its judgment" as a result of illegal activity. *See Campbell*, 682 F.3d at 1283; Docket No. 96 at 71, ¶ 228 (attacking the Illinois state court judgment). Therefore, plaintiff is not alleging a "new problem" that the Court could properly exercise subject-matter jurisdiction over, and plaintiff's second argument fails.

Plaintiff's third argument, that Judge Varholak demonstrated prejudice and hostility toward plaintiff by misstating case law, is not persuasive. To the extent that plaintiff's objection simply asks for *de novo* review of the Recommendation, the Court agrees that is the correct standard of review. *See* Fed. R. Civ. P. 72(b)(3). However, the Court finds no evidence, on review of the record, that Judge Varholak expressed "prejudice and hostility" toward plaintiff. *See, e.g.*, Transcript of Status Conference held on June 19, 2018 [Docket No. 139]. Further, plaintiff's objections to Judge Varholak's analysis of specific cases are not on point. Judge Varholak committed no legal error when he cited both *Dillon v. Alan H. Shifrin & Assocs., LLC*, 2017 WL 2480706 (N.D. Ill. June 8, 2017), and *O'Grady v. Marathon Cty. Child Support Agency*, 2006 WL 1715473 (D. Minn. June 19, 2006), as examples of "federal courts that have found a lack of subject matter jurisdiction where a plaintiff seeks to collaterally attack a child support order under the guise of constitutional and/or RICO claims." *See* Docket No. 158 at 29.

Finally, plaintiff's fourth argument, that his complaint implicates the judges in the state court proceedings as racketeers, fails because implicating the judges in the state court proceedings as racketeers does not override *Rooker-Feldman*. In some other circuits, evidence of "extrinsic fraud" – "conduct which prevents a party from presenting his claim in court" – can overcome *Rooker-Feldman*. *See Kougasian v. TMSL, Inc.*,

359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).  However, that theory's acceptance in the Tenth Circuit is questionable. *See Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016) (unpublished) ("Our precedent goes the other way [from *Kougasian*]. . .").  As Judge Varholak correctly concluded, bringing in the judges as alleged racketeers does not allow for what is, in essence, a collateral attack on a child support order.  *See* Docket No. 158 at 28.  Plaintiff admits in his objection that his goal in implicating the judges is to "put[] the entire state court proceeding into question."  *See* Docket 162 at 10, ¶ 12(b).  Regardless of how the defendants are identified, the RICO claims alleged by plaintiff would require the Court to review and possibly set aside state court proceedings.  Because that review is barred by *Rooker-Feldman*, the Court adopts Judge Varholak's Recommendation and dismisses the Second, Third, and Fourth Claims against all defendants for lack of subject matter jurisdiction.

### 3.   Fifth Claim – the Section 1983 Claim

Plaintiff's Fifth Claim, brought under 42 U.S.C. § 1983, alleges that the conduct described in the Fifth Amendment and RICO claims violated his "substantive, procedural, and statutory rights."  Docket No. 96 at 86, ¶ 256.  Judge Varholak recommended dismissing this claim because it is based on the same rationale for applying *Rooker-Feldman* to the first four claims, namely, that the relief plaintiff seeks is a retrospective "attempt to invalidate the effects of the state court judgments."  *See* Docket No. 158 at 30.

Plaintiff objects, arguing that (1) the Fifth Claim, like the Second Claim, alleges a "new problem" that can receive federal court review without examining the initial state

court decision; and (2) the Fifth Claim alleges due process violations committed during administrative enforcement of the state judgment, which are not barred from review. *See* Docket No. 162 at 7-9, ¶ 11(b-c).

After reviewing Judge Varholak's recommendation *de novo*, the Court agrees with the recommendation. Plaintiff's requested relief – that the Court enjoin the states' activities enforcing his child support obligations – can only be entered if the Court concludes that the state court orders are unlawful. *See* Docket No. 120 at 6, ¶ 12. Because plaintiff's claims require a finding that "a defect in the state proceedings invalidated the state judgment" and subsequent enforcement actions, *Rooker-Feldman* bars the Court from exercising jurisdiction. *See Mayotte*, 880 F.3d at 1174-75.

In *Ball v. Div. of Child and Family Servs.*, 2013 WL 5673411 (D. Utah Oct. 17, 2013), *aff'd sub nom. Ball v. Mayfield*, 566 F. App'x 765 (10th Cir. 2014) (unpublished), the district court found that *Rooker-Feldman* applied to § 1983 claims brought by plaintiffs after a state court ordered the removal of their child from their home. The court concluded that all of plaintiffs' theories of recovery were rooted in "injuries caused by state-court judgments" because "if the state court were not to have ordered the removal of [the child] from the [p]laintiffs' home there would be no injury to [plaintiffs]." *Id*. at *4 (quoting *Campbell*, 682 F.3d at 1283). That analysis applies with equal force here. Plaintiff's § 1983 claim, like his Fifth Amendment and RICO claims, are premised on the actions of the Illinois and Colorado state courts. *See* Docket No. 158 at 3-8. If the state court in Illinois had not entered the support order, plaintiff would have no claim. *See Ball*, 2013 WL 5673411 at *4. Therefore, the Court lacks jurisdiction to hear the claim.

18

Neither of plaintiff's objections to dismissal of the Fifth Claim has merit. The first objection does not have merit for the same reasons discussed in III.B.2 above – providing the plaintiff relief would require the Court to conclude that "the state court wrongfully entered its judgment" as a result of illegal activity. *See Campbell*, 682 F.3d at 1283. The second objection similarly lacks merit because, although plaintiff may state that he is challenging the post-judgment proceedings, the effect of granting his requested relief is to invalidate the effect of the judgment entirely. Fundamentally, plaintiff's "tortured analysis" of the case does not change the underlying fact the Court would need to review and reject the state court order in order to grant relief. *See Ball*, 2013 WL 5673411 at *4. Because that review is barred by *Rooker-Feldman*, the Court adopts Judge Varholak's Recommendation and dismisses the Fifth Claim against all defendants for lack of subject matter jurisdiction.

### 4. Conclusion

Plaintiff's final objection, which is not "specific" to any of the claims, is that he is "being held to a much higher standard in these proceedings" than that required by the Supreme Court. *See One Parcel of Real Property*, 73 F.3d at 1059; Docket No. 162 at 12. He argues that Judge Varholak's recommendation is premised on the rejected notion that "pleading is a game of skill in which one misstep . . . may be decisive to the outcome." *See* Docket No 162 at 12, ¶ 15 (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

The Court does not agree with plaintiff's characterization of his treatment. Throughout the proceedings, Judge Varholak correctly construed papers filed by plaintiff liberally, no matter how inartfully pled they may have been. *See Hall*, 935 F.2d

at 1110.  However, the Court is bound by the "fundamental precept" that federal courts are courts of limited jurisdiction.  *See Owen*, 437 U.S. at 374.  The problem with plaintiff's claims is not that his pleadings are less skillful.  It is that they allege conduct that Congress has barred this Court from reviewing.  *See* 28 U.S.C. § 1257(a).

After reviewing the Recommendation [Docket No. 158] *de novo*, the Court agrees with Judge Varholak and adopts his analysis and conclusions about plaintiff's claims in their entirety.  The Court will dismiss all claims against all defendants because, pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction to hear the case.[2]

### C.   First Motion for Leave to Amend [Docket No. 117]

Plaintiff filed a Motion to Amend [Docket No. 117] after the May 4, 2018 deadline for the amendment of pleadings.  Judge Varholak recommended that the motion be denied, concluding that plaintiff demonstrated neither good cause as required by Fed. R. Civ. P. 16(b)(4) nor that the amendment would not be futile as required by Fed. R. Civ. P. 15(a)(2).  *See* Docket No. 158 at 32-37.  Neither party objected to Judge Varholak's recommendation.  Therefore, for this non-dispositive motion, the Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record."  *See* Fed R. Civ. P. 72(b), Advisory Committee Notes.  Seeing no clear error, the Court adopts Judge Varholak's Recommendation and denies plaintiff's Motion to Amend [Docket No. 117].

---

[2] As the Court has dismissed all claims against all defendants, Plaintiff's Verified Motion for Court Review of Order of June 19, 2018 [Docket No. 141], which requests review of Judge Varholak's decision to stay discovery in this case, *see* Docket No. 136, will be denied as moot.

## D.    Second Motion for Leave to Amend [Docket No. 161]

After Judge Varholak issued his Order and Recommendation [Docket No. 158], and over six months after the May 4, 2018 deadline for the amendment of pleadings, plaintiff filed another Motion for Leave to Amend [Docket No. 161] on October 9, 2018. Plaintiff's proposed Fourth Amended Complaint differs from the proposed Fourth Amended Complaint submitted with the first Motion for Leave to Amend. *Compare* Docket No. 161-2 *with* Docket No. 117-2. Plaintiff explains that the Fourth Amended Complaint (1) removes his Fifth Amendment claim; (2) "reframes" the three RICO claims; (3) "amends" the relief sought under plaintiff's § 1983 claim; and (4) adds three additional claims under Colo. Rev. Stat. § 18-17-104. Docket No. 161 at 4, ¶ 9. Plaintiff's proposed Fourth Amended Complaint is 107 pages long and now includes seven claims. Docket No. 161-2. Defendants filed responses in opposition to plaintiff's motion. Docket Nos. 167, 174, 175, 176, 177, 178.[3]

Plaintiff seeks to add three new claims under the Colorado Organized Crime Control Act, Colo. Rev. Stat. § 18-17-104. *See* Docket No. 161 at 4, ¶ 9. Plaintiff has failed to demonstrate both good cause under Fed. R. Civ. P. 16(b)(4) and that justice requires leave to amend under Fed. R. Civ. P. 15(a). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Under Rule 16(b)(4), the moving party "must provide an adequate explanation for any delay." See *Minter v.*

---

[3] Plaintiff moves to reassign the review of this motion, which was initially referred to Judge Varholak. Docket No. 179. Plaintiff alleges that Judge Varholak must be disqualified because his "impartiality has come into question." *Id*. at 2. In the interest of judicial economy, the Court will review plaintiff's Motion for Leave to Amend [Docket No. 161] together with Judge Varholak's recommendation. Accordingly, plaintiff's motion [Docket No. 179] will be denied as moot.

*Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). Plaintiff offers no explanation for his delay in presenting these claims, other than "seek[ing] to correct technical pleading deficiencies." Docket No. 161 at 4, ¶ 7. He does not explain why these claims could not have been brought in any of the previous amended complaints, or before the May 4, 2018 deadline. Therefore, plaintiff has not shown good cause.

Under Rule 15(a), the Court may refuse leave to amend if the plaintiff has failed to cure deficiencies by amendments previously allowed. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Plaintiff's motion is little more than an attempt by plaintiff to avoid dismissal of his claims by, in his own admission, "refram[ing]" them in a slightly different way. *See* Docket No. 161 at 4, ¶ 9. After granting plaintiff three opportunities to amend his complaint in this case, and two opportunities to amend his complaint in *Tso I*, plaintiff's repeated failure to cure the many deficiencies in his complaint indicate that it is well within this Court's discretion to now refuse leave to amend. *See* Docket Nos. 11, 86, 96; *Tso I*, Docket Nos. 9, 120. Therefore, the Court will deny plaintiff's Motion to Amend [Docket No. 161].[4]

---

[4] Even if the Court allowed leave to amend, the Court would not exercise subject matter jurisdiction over the state-law claims. As the Court has already dismissed the causes of action that raise a federal question, under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over any state law claims that remain. *See Carroll v. Lawton Indep. Sch. Dist. No. 8*, 805 F.3d 1222, 1230 (10th Cir. 2015) (concluding district court did not abuse discretion in declining supplemental jurisdiction over state law claims after dismissing federal claims).

## IV. CONCLUSION

For the reasons set forth above, it is

**ORDERED** that plaintiff's Objections to Magistrate Judge's Recommendations and Motion for Court Review of Magistrate's Order [Docket No. 162] is **OVERRULED**. It is further

**ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 158] is **ADOPTED** in its entirety.  It is further

**ORDERED** that the Illinois judicial defendants' Motion to Dismiss [Docket No. 98] is **GRANTED**.  It is further

**ORDERED** that the Colorado defendants' Motion to Dismiss [Docket No. 100] is **GRANTED**.  It is further

**ORDERED** that the attorney defendants' Motion to Dismiss [Docket No. 102] is **GRANTED**.  It is further

**ORDERED** that the Denver defendants' Motion to Dismiss [Docket No. 103] is **GRANTED**.  It is further

**ORDERED** that Dr. Richard F. Spiegle's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 105] is **GRANTED**.  It is further

**ORDERED** that the Murray defendants' Motion to Dismiss [Docket No. 107] is **GRANTED**.  It is further

**ORDERED** that all claims against all defendants are dismissed without prejudice for lack of jurisdiction.  It is further

**ORDERED** that plaintiff's Motion to Set Aside the Scheduling Order for Amendments to the Complaint; and Motion for Leave to Amend and Supplement Complaint for Good Cause Pursuant to Fed. R. Civ. P. 16(b)(4), Fed. R. Civ. P. 15(a)(2) and 15(d); and Counter-Motion to Motions to Dismiss [Docket No. 117] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed R. Civ. P. 15(a)(2) [Docket No 161] is **DENIED**. It is further

**ORDERED** that all other pending motions are **DENIED** as moot. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.

**ORDERED** that this case is closed.


DATED December 18, 2018.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge