IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02523-PAB-STV

GILBERT T. TSO, a natural person and an American,

    Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL MURRAY, individually,
DENA MURRAY, individually,
JOANNE JENSEN, individually,
RICHARD F. SPIEGLE, PSY.D., individually,
ELIZABETH A. STARRS, individually,
DAVID P. BRODSKY, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity,
19th JUDICIAL CIRCUIT COURT, LAKE CO., IL,
2nd DISTRICT COURT, DENVER COUNTY, CO,
DENVER DEPT. OF HUMAN SERVICES,
COLORADO DEPT. OF HUMAN SERVICES,
COLORADO DIVISION OF MOTOR VEHICLES, and
CITY AND COUNTY OF DENVER,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion to Re-Open/Amend Judgment Pursuant to Fed. R. Cv. P. 59 and Fed. R. Cv. P. 60(a), (b)(6); with Notice of Exhibits in Support [Docket No. 190] and Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Cv. P. 52(b) in Support of and Relating to ECF #190 [Docket No. 191].

This case arises from the dissolution of plaintiff's marriage to defendant Rebecca Murray and the resulting domestic proceedings in Illinois and Colorado.[1] Plaintiff's Third Amended Complaint alleges five claims for relief: a claim for violation of the Fifth Amendment's Takings Clause, three claims for separate racketeering schemes under RICO, and a claim under 42 U.S.C. § 1983. *See* Docket No. 96; Docket No. 188 at 4-5. After all defendants filed motions to dismiss the case, Magistrate Judge Scott T. Varholak recommended that, because plaintiff's claims were barred by the *Rooker-Feldman* doctrine, the Court grant the motions to dismiss and deny plaintiff's motion for leave to amend the complaint. Docket No. 158. Plaintiff filed an objection to the recommendation, *see* Docket No. 162, as well as a second motion for leave to amend. Docket No. 161. On December 18, 2018, the Court entered an order (the "order") adopting the magistrate judge's recommendation. Docket No. 188. The Court

---

[1] The Court restates only the procedural and factual history necessary to resolve the instant motions. A more detailed background can be found in the Court's order dismissing the case. *See* Docket No. 188 at 3-5 (incorporating Docket No. 158 at 3-17).

concluded that all of plaintiff's claims were barred by the *Rooker-Feldman* doctrine, overruling plaintiff's objection. *Id*. at 11-19. The Court also denied both of plaintiff's motions for leave to amend the complaint. *Id*. at 20-22 (denying Docket Nos. 117 and 161).

On January 8, 2019, plaintiff filed a motion to alter the judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6). Docket No. 190. On January 14, 2019, plaintiff filed a motion to amend the order pursuant to Fed. R. Civ. P. 52(b). Docket No. 191. On January 16, 2019, plaintiff filed a notice of appeal with the Tenth Circuit. Docket No. 192. That appeal is abated pending resolution of plaintiff's post-judgment motions. Docket No. 214.[2]

The Court construes plaintiff's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall*, 935 F.2d at 1110.

---

[2] Several motions not pending before the Court at this time are worth noting. On February 1, 2019, plaintiff filed a new lawsuit against the same parties sued in this action. *Tso v. Murray*, No. 19-cv-00293-PAB-STV ("*Tso III*"). On February 4, 2019, defendants Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, the 2nd District Court, Denver County, CO, Colorado Department of Human Services, and the Colorado Division of Motor Vehicles (the "Colorado defendants") moved for sanctions against plaintiff in this case, seeking to restrict plaintiff from further *pro se* filings. Docket No. 207. On May 15, 2019, the Colorado defendants made a similar motion for sanctions against plaintiff in *Tso III*. *Tso III*, Docket No. 29. On August 5, 2019, Magistrate Judge Varholak issued a recommendation that the Court grant the *Tso II* motion and impose filing restrictions on plaintiff. Docket No. 219. The *Tso III* motion for sanctions is still pending before Magistrate Judge Varholak.

As an initial matter, plaintiff's motion pursuant to Fed. R. Civ. P. 52(b), *see* Docket No. 191, will be denied because Rule 52(b) is inapplicable. "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered thereon." *Brooks v. Medina*, No. 13-cv-02213-CMA-KMT, 2015 WL 4197070, at *1 (D. Colo. July 13, 2015) (citing *Penncro Assocs. v. Sprint Spectrum L.P. d/b/a Sprint PCS*, 2006 WL 1999121, at *2 (D. Kan. July 17, 2006)). The order plaintiff seeks to amend is based upon motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 188. "In considering a Rule 12 motion, the Court does not 'find' facts, but rather assumes the truth of the factual allegations to determine if the plaintiff has stated a plausible claim for relief." *Brooks*, 2015 WL 4197070, at *2. The Court made no "findings" in its order; therefore, plaintiff's Rule 52(b) motion is improper.

The Court turns to plaintiff's motion requesting relief pursuant to either Fed. R. Civ. P. 59(e) or 60(b)(6). "Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). If the motion is filed within 28 days of the entry of judgment, it is treated as a Rule 59(e) motion; if it is filed after that time it falls under Rule 60(b). *Cf. id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).[3] Here, final judgment entered on December 19, 2018, *see* Docket No. 189, and plaintiff filed his motion on January 8, 2019. *See* Docket No. 190. As the motion was filed within 28 days of the entry of judgment, the Court construes plaintiff's motion

---

[3] The 2009 amendments to Rule 59 enlarged the previous 10-day period to file a motion to alter or amend the judgment to 28 days.

as a Rule 59(e) motion. "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59(e) motion is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law," but not to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff argues that the judgment must be altered or amended in order to correct clear error or prevent manifest justice.[4] Plaintiff asserts that the Court erred in applying *Rooker-Feldman* to his claims because the claims do not seek to overturn a state-court judgment; rather, they attack the "enforcement" of that judgment. Docket No. 190 at 5-6. Plaintiff frames his claims as alleging "procedural due process violations during the enforcement of judgment," *id*. at 6, stating that *Rooker-Feldman* does not bar plaintiff from bringing an "independent claim" alleging that the "formal [state-court] procedures

---

[4] Plaintiff requests that the Court take judicial notice of two documents attached to the motion, both of which are dated in 2013 and arise out of the Illinois domestic proceedings. "Rule 59(e) motions may be based . . . [on] evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier)." *See Bell v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 451 F.3d 1097, 1102 (10th Cir. 2006); *see also Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014) (burden to meet standard is on movant). Plaintiff does not explain how these documents were not discovered at the time of the initial ruling, particularly given that plaintiff was a party to the Illinois domestic proceedings. Thus, the Court will not consider these two documents.

5

were inadequate" and that "the state proceeding had been subverted . . . by corruption." *Id*. at 6-7. Plaintiff maintains that his RICO claims and his § 1983 claim are such "independent claims" and that the Court therefore erred in granting the motions to dismiss as to those claims. *Id*. at 7-8.[5]

Plaintiff's arguments are meritless. As an initial matter, plaintiff's arguments "revisit issues already addressed or advance arguments that could have been raised in prior briefing," and are therefore inappropriately raised in a post-judgment motion. *See Alpenglow Botanicals*, 894 F.3d at 1203. To the extent that plaintiff raises new arguments, plaintiff fails to identify any clear error committed in the Court's order dismissing the case. First, plaintiff inaccurately characterizes his complaint as only challenging "enforcement proceedings" rather than a "judgment." The complaint alleges that certain defendants, including the Illinois state court, "abuse[d the] law and legal process" to impose an "interstate debt obligation" on plaintiff. *See* Docket No. 96 at 71, ¶ 228. In *Campbell v. City of Spencer*, 682 F.3d 1278 (10th Cir. 2012), the Tenth Circuit held that *Rooker-Feldman* barred review of multiple "acts of the state court," namely, the state court's imposition of a bond and forfeiture order. 682 F.3d at 1285. Although plaintiff here claims he is not attacking a "judgment," he does not explain why a state-court order imposing an interstate debt obligation is distinguishable from a state-court order imposing a bond and a forfeiture order. *Cf. id*.; *see also Tso v. Murray*, 760 F. App'x 564, 568 (10th Cir. 2019) (unpublished) ("*Tso I*") (holding that *Rooker-Feldman*

---

[5] The Court does not reach new arguments contained in plaintiff's reply brief. *See, e.g., Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1242 (D. Colo. 2010) (arguments not raised in an initial motion are waived).

bars claims based on "deprivations that resulted from the state courts' *orders*") (emphasis added)[6]  The Court finds that, for purposes of *Rooker-Feldman*, there is no basis to conclude that the "interstate debt obligation" alleged in the complaint is reviewable.[7]  Second, the order explained the legal basis why plaintiff's contention that he may overcome *Rooker-Feldman* by alleging that the state-court proceedings and judges were engaged in corruption is not supported by Tenth Circuit precedent.  *See* Docket No. 188 at 17 (citing *Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016) (unpublished) (noting that Tenth Circuit precedent does not support the theory that evidence of "extrinsic fraud" can overcome *Rooker-Feldman*)).  Thus, there is no support for plaintiff's argument that his claims are "independent claims" that are reviewable despite attacking state-court proceedings and judgments.

Moreover, plaintiff fails to distinguish the Tenth Circuit's ruling in a related case that applied the *Rooker-Feldman* doctrine to plaintiff's claims.  *Tso I*, 760 F. App'x 564.  In *Tso I*, plaintiff alleged similar claims that flowed from the Illinois and Colorado domestic proceedings.  *See Tso I*, 760 F. App'x at 567 (plaintiff's claims included a Fifth

---

[6] In his reply brief, the thrust of plaintiff's argument seems to be that a "duty of support" is distinct from a "support order," *see* Docket No. 96 at 19, ¶¶ 59-60, and that a "duty of support" is a "judicial act" while a "support order" (such as the interstate debt obligation) is an "administrative act."  *See* Docket No. 119 at 2.  Even assuming *arguendo* that this distinction has any bearing on the *Rooker-Feldman* analysis, plaintiff's argument is contradicted by the definition of "support order" under Colorado law.  *See* Colo. Rev. Stat. § 14-5-102(23) ("'Support order' means a *judgment*, decree, order, decision, or directive . . . .") (emphasis added).

[7] The Court has already rejected plaintiff's argument that the complaint asks for the review of "post-judgment enforcement procedures."  *See* Docket No. 188 at 15-16 (distinguishing *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998)).

7

Amendment claim and two RICO claims). The Tenth Circuit upheld the district court's application of the *Rooker-Feldman* doctrine to plaintiff's claims "with one insignificant exception," reasoning that plaintiff's complaint

> seeks relief from alleged harms flowing from acts of the state court. That is, the allegedly wrongful act that caused damage was the state-court order itself, and his claims required a determination of the bona fides of the prior state-court judgment. Though he complains of various acts taken by the defendants, whether through a RICO "conspiracy" or denial of just compensation, the only harms alleged involved deprivations that resulted from the state courts' orders. His claims are therefore barred by *Rooker-Feldman*.

*Id*. at 567-68.[8] Similarly, here plaintiff is seeking relief "flowing from acts of the state court," as he acknowledges in his argument. *See* Docket No. 190 at 5 (arguing that the complaint challenges "other actions taken by the state-courts and state agencies" to enforce the dissolution of marriage). Plaintiff's attempt to distinguish the state-court judgment that ended plaintiff's marriage from the orders entered to enforce the initial dissolution of marriage cannot save his claims because "the only harms alleged" all flow from "deprivations that resulted from the state courts' orders." *See Tso I*, 760 F. App'x at 568; *see also* Docket No. 188 at 12-18 (explaining why plaintiff's claims are subject to *Rooker-Feldman*).[9]

---

[8] The Tenth Circuit noted that an allegation that the number of pleadings filed by defendants in the Illinois domestic proceeding increased plaintiff's litigation expenses was not subject to *Rooker-Feldman*; however, the court concluded that the allegation was "conclusory" and did not "adequately support" plaintiff's claims. *Tso I*, 760 F. App'x at 568 n.1. Plaintiff does not raise any argument that this exception applies to this case.

[9] Plaintiff suggests that the Court "failed to carefully and objectively examine [his] assertions before accepting the Magistrate Judge's recommendations," noting that he has repeatedly sought to remove Magistrate Judge Varholak from the case. Docket No. 190 at 8. The Court finds no merit to this argument. The Court previously rejected one of plaintiff's attempts to remove Magistrate Judge Varholak from this case, *see* Docket

8

Plaintiff has failed to meet his burden to show that the judgment should be altered or amended pursuant to Rule 59(e). It is therefore

**ORDERED** that Plaintiff's Motion to Re-Open/Amend Judgment Pursuant to Fed. R. Cv. P. 59 and Fed. R. Cv. P. 60(a), (b)(6); with Notice of Exhibits in Support [Docket No. 190] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Cv. P. 52(b) in Support of and Relating to ECF #190 [Docket No. 191] is **DENIED**.

DATED August 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

No. 48, and rejected plaintiff's argument that Magistrate Judge Varholak had demonstrated prejudice and hostility toward plaintiff. See Docket No. 188 at 16.