IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-02523-PAB-STV

GILBERT T. TSO, a natural person and an American,

    Plaintiff,

v.

REBECCA MURRAY, a/k/a Tso, individually,
TANYA AKINS, individually,
SHERR PUTTMANN AKINS LAMB PC, law firm,
JEANNIE RIDINGS, individually,
KILILIS RIDINGS & VANAU PC, a law firm,
RUSSELL MURRAY, individually,
DENA MURRAY, individually,
JOANNE JENSEN, individually,
RICHARD F. SPIEGLE, PSY.D., individually,
ELIZABETH A. STARRS, individually,
DAVID P. BRODSKY, individually,
CHARLES D. JOHNSON, individually,
ROSS B.H. BUCHANAN, individually,
DAVID H. GOLDBERG, individually,
MONICA JACKSON, individual and official capacity,
LARA DELKA, individual and official capacity,
CHRISTIAN MADDY, individual and official capacity,
JENNIFER ADELMANN, individual and official capacity,
DON MARES, official capacity,
BARRY PARDUS, official capacity,
MICHAEL DIXON, official capacity,
CYNTHIA COFFMAN, official capacity,
19th JUDICIAL CIRCUIT COURT, LAKE CO., IL,
2nd DISTRICT COURT, DENVER COUNTY, CO,
DENVER DEPT. OF HUMAN SERVICES,
COLORADO DEPT. OF HUMAN SERVICES,
COLORADO DIVISION OF MOTOR VEHICLES, and
CITY AND COUNTY OF DENVER,

    Defendants.

_____
**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak ("the recommendation") filed on August 5, 2019 [Docket No. 219]. Magistrate Judge Varholak recommends that the Court grant the Colorado Defendants' Amended Motion for Filing Sanctions and Request for Expedited Ruling [Docket No. 207] and impose filing restrictions against plaintiff Gilbert T. Tso.[1] Plaintiff filed timely written objections. Docket No. 225.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

---

[1] The "Colorado defendants" are Elizabeth A. Starrs, Ross B.H. Buchanan, David H. Goldberg, Barry Pardus, Michael Dixon, Cynthia Coffman, the 2nd District Court, Denver County, CO, Colorado Department of Human Services, and the Colorado Division of Motor Vehicles. Docket No. 207 at 1. The motion is joined by defendants the City and County of Denver, Denver Department of Human Services, Monica Jackson, Lara Delka, Christian Maddy, Jennifer Adelmann, Don Mares, Dr. Richard F. Spiegle, Rebecca Murray, Russell Murray, Dena Murray, Joanne Jensen, Tanya Akins, Sherr Puttman Akins Lamb, P.C., and Kililis Ridings & Vanau, P.C. *Id*. at 8; Docket No. 208.

This case arises from the dissolution of plaintiff's marriage to defendant Rebecca Murray and the resulting domestic proceedings in Illinois and Colorado.[2] The Court dismissed all of plaintiff's claims as barred by the *Rooker-Feldman* doctrine. Docket No. 188.[3] After the Court entered judgment, the Colorado defendants moved to restrict plaintiff from filing additional *pro se* lawsuits in this Court related to the Illinois and Colorado domestic proceedings. Docket No. 207 at 8.[4] The magistrate judge recommends granting the motion. The recommendation summarizes plaintiff's "long history of filing repetitive claims" and "pursu[ing] numerous facially appropriate motions." Docket No. 219 at 20. The recommendation concludes that, "[b]ecause [plaintiff's] unwillingness to accept the validity of the [Illinois and Colorado domestic proceedings] imposes an undue burden on the Court's and [d]efendants' time and resources . . . the imposition of filing restrictions is warranted." *Id*. The recommendation proposes that plaintiff be barred from filing new actions in this Court related to the Illinois and Colorado domestic proceedings "without the representation of a licensed attorney admitted to practice in the District of Colorado, unless [plaintiff] obtains permission" to proceed *pro se*. *Id*. at 22-23. The recommendation further

---

[2] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections.

[3] Plaintiff has appealed the Court's order dismissing the case to the Tenth Circuit. Docket No. 192.

[4] Defendants filed a substantially similar motion in another case filed by plaintiff. *See* 19-cv-293-PAB-STV, Docket No. 29. The magistrate judge's recommendation on that motion is not before the Court at this time.

outlines a process by which plaintiff can petition for permission to proceed *pro se*. *Id*. at 23.

Because "the right of access to the courts is neither absolute nor unconditional," federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989). Filing restrictions are proper where (1) a "litigant's abusive and lengthy history is properly set forth," (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Id*. at 353-54; *United States v. Coleman*, 707 F. App'x 563 (10th Cir. 2017) (unpublished).

The Court understands plaintiff to be making four objections to the recommendation: (1) there is no merit to the contention that plaintiff is an abusive litigant; (2) the magistrate judge improperly relied upon plaintiff's history in the state court to establish his litigation history; (3) it is premature to conclude that *Rooker-Feldman* bars all of plaintiff's claims; and (4) the proposed filing restrictions are not the least-restrictive means of enjoining plaintiff's behavior. Docket No. 225.

Plaintiff's objection that the magistrate judge failed to establish that plaintiff is an abusive litigant is without merit. The magistrate judge's recommendation carefully sets out plaintiff's extensive litigation history, both in the Illinois and Colorado domestic proceedings and in federal court. *See* Docket No. 219 at 4-20. The recommendation describes all four of plaintiff's federal cases in this District, in which plaintiff has

repeatedly pursued both "facially inappropriate motions" – e.g. repeatedly moving for temporary restraining orders against defendants and Fed. R. Civ. P. 11 sanctions against defendants' counsel – and claims for which both this Court and the Tenth Circuit have made clear that plaintiff is "not entitled to any relief." *See id*. at 20.

Plaintiff contends that his filing history is not "abusive and lengthy" under *Tripati* because he has only brought four actions in this Court. *See* Docket No. 225 at 6-9 (noting that the abusive litigants in the cases cited in *Tripati* entered between thirty-seven and 700 complaints). However, there is no support in the post-*Tripati* case law for the proposition that a litigant must file a certain number of abusive actions before a court may impose filing restrictions. *See, e.g.*, *Coleman*, 707 F. App'x 563 (affirming filing restrictions against litigant who filed "six motions and two civil lawsuits"); *Calvin v. Lyons*, 770 F. App'x 433, 434 (10th Cir. 2019) (unpublished) (affirming filing restrictions against litigant after filing four civil actions). The Tenth Circuit has, for example, affirmed filing restrictions placed on a litigant who "filed multiple lawsuits in federal court, all but one related to the same state divorce and custody proceedings." *See Blaylock v. Tinner*, 543 F. App'x 834, 836 (10th Cir. 2013) (unpublished). The litigant continued to file lawsuits despite being informed that his claims are barred by the *Rooker-Feldman* doctrine, which the Court described as "painting new veneers on essentially the same claim." *See id.* The Court has no difficulty finding that, like the litigant in *Blaylock*, plaintiff's repetitive attempts to relitigate the Illinois and Colorado domestic proceedings in federal court in Colorado are sufficiently numerous as to merit filing restrictions.

Moreover, this case is unlike *Tripati* and the other cases plaintiff relies upon involving the filing of a large number of cases in that those cases involve plaintiffs who file a large volume of cases on different subjects against different defendants. By contrast, plaintiff continues to file cases against mostly the same defendants based on the same dispute. Plaintiff's conduct merits filing restrictions, despite plaintiff filing fewer cases than the plaintiff in *Tripati*, because plaintiff is ignoring the jurisdictional defect common to each of his cases and shows no sign of abating his practice of filing new cases (with the same jurisdictional defect) after one of his current cases is dismissed. The magistrate judge's proposed filing restrictions take this distinction into account by tailoring the restrictions to the subject matter of plaintiff's past filings in the District of Colorado.

The Court also agrees with the magistrate judge, contrary to plaintiff's assertions, that plaintiff's litigation history is "abusive." *See* Docket No. 219 at 20 (noting that plaintiff's litigation history has "impose[d] an undue burden" on defendants' time and resources); *Calvin*, 770 F. App'x at 435 (noting that a plaintiff's "relentless pursuit of an order that a federal court cannot issue" can become abusive even though his or her "intentions may be innocent"). Thus, the Court will overrule plaintiff's first objection.

Plaintiff's second objection appears to argue the magistrate judge improperly relied upon plaintiff's actions in the Illinois and Colorado domestic proceedings to establish his litigation history. *See* Docket No. 225 at 10-13. While the Court agrees that plaintiff's litigation history in state court is not a basis to impose filing restrictions here, the recommendation to impose filing restrictions is justified based on plaintiff's

6

behavior in federal court. *See* Docket No. 219 at 20 ("Despite this Court and the Tenth Circuit making clear that [plaintiff] is not entitled to any relief from the federal courts with regard to the [Illinois and Colorado domestic proceedings] and denying [plaintiff] leave to amend, [plaintiff] continues to pursue relief from this Court by filing new lawsuits."). Thus, the Court will overrule plaintiff's second objection.

Plaintiff's third objection argues that it is "premature" to argue that his claims are barred by *Rooker-Feldman*, contending that "the Tenth Circuit will need to provide guidance and clarification as to whether [plaintiff] properly navigated the Tenth Circuit's interpretation of *Rooker-Feldman*." Docket No. 225 at 13-15. As an initial matter, plaintiff's right to appellate review in both this case and other pending actions is not affected by the proposed filing restrictions. If the Tenth Circuit disagrees with the Court's disposition of this action, this case will continue. However, the Tenth Circuit has already held that plaintiff's claims arising out of the Illinois and Colorado domestic proceedings in 16-cv-02480-WJM-STV were barred by *Rooker-Feldman*. *See Tso v. Murray*, 760 F. App'x 564, 567-68 (10th Cir. 2019) (unpublished) (noting that, except for "one insignificant exception," "the harms for which [plaintiff] seeks relief . . . all result from state-court judgments"). Plaintiff has not articulated a persuasive reason why his claims would fare any better were he permitted to file more lawsuits arising out of the same set of facts. *See* Docket No. 225 at 13. It is evident from plaintiff's objection he continues to ignore that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction over his challenges to the Illinois and Colorado domestic judgments. *See* Docket No. 225 at 14; *see also* Docket No. 188 at 20 ("The problem with plaintiff's claims is not that

his pleadings are less skillful. It is that they allege conduct that Congress has barred this Court from reviewing.").[5] Thus, the Court will overrule plaintiff's third objection.

Finally, plaintiff objects that the proposed filing sanctions are not the least-restrictive means of addressing his filing behavior. Docket No. 225 at 15-17. Plaintiff suggests that the Court should allow plaintiff to continue "unencumbered" as a *pro se* litigant with the assistance of a "second chair" attorney who "serves at the pleasure of" plaintiff. *Id*. at 17. The Court disagrees. Plaintiff does not cite – and the Court has not found – any Tenth Circuit authority applying a least-restrictive means analysis in crafting filing restrictions.[6] Moreover, there is no basis for allowing plaintiff to continue *pro se* with "assistance" from a second-chair attorney. Plaintiff fails to explain why this option is superior to the restriction proposed in the recommendation, which requires plaintiff to obtain representation from a licensed attorney admitted to practice in this District in order to file a new action related to the subject matter identified herein. The Court does not believe that allowing plaintiff to continue with "assistance" from an

---

[5] Plaintiff asserts that "[e]very time a state actor . . . acts on any matter relating to [p]laintiff's existing claims," plaintiff is allowed "an opportunity to refile his claims under a new lawsuit, and an opportunity to cure a prior jurisdictional defect." Docket No. 225 at 13. There is no basis for this pronouncement in the case law. Plaintiff's assertion that he has a nearly unlimited right to continue to file actions against the same defendants, even when it has been made clear to him that the jurisdictional defects cannot be cured, confirms to the Court that filing restrictions are appropriate. *See Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah*, 790 F.3d 1000, 1003 (10th Cir. 2015) (noting that the legal system depends on the principle that "both sides must accept – or, if need be, they must be made to respect – the judgments it generates").

[6] Plaintiff suggests that the effect of the filing sanctions is to make him a "'person of unsound mind' and a ward of the court." Docket No. 225 at 16. This contention is meritless.

attorney is adequate to ensure that plaintiff's pattern of abusive and lengthy filings on this subject matter will cease.

The Court is satisfied that filing restrictions against plaintiff are appropriate. For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 219] is accepted. It is further

**ORDERED** that Plaintiff's Objections to Magistrate Judge's Recommendations [ECF #219] [Docket No. 225] are overruled. It is further

**ORDERED** that the Colorado Defendants' Amended Motion for Filing Sanctions and Request for Expedited Ruling [Docket No. 207] is granted. It is further

**ORDERED** that the following filing restrictions are imposed on plaintiff Gilbert T. Tso: Mr. Tso will not be permitted to file new actions in this Court raising claims related to his divorce, child custody, or child support obligations (or the enforcement of those orders and obligations) without the representation of a licensed attorney admitted to practice in the District of Colorado, unless Mr. Tso obtains permission from the District of Colorado to proceed *pro se*. In order to proceed *pro se*, Mr. Tso must take the following steps:

(1) File a motion with the Clerk of Court for the District of Colorado requesting leave to file a *pro se* case and attaching as exhibits the proposed complaint or pleading and a copy of the Order imposing filing restrictions;

(2) The motion for leave to proceed *pro se* must include a list, by case name, number, and citation where applicable, of all proceedings currently pending or

previously filed, in this or any other court, related to Mr. Tso's divorce, child custody, or child support obligations (or the enforcement of those orders and obligations) with a statement indicating the status or disposition of each proceeding; and

(3) The motion for leave to proceed *pro se* must identify the legal issues that the proposed new complaint raises and whether he has raised these issues in other proceedings, and, if so, the motion must cite the case number and docket number where such legal issues have been previously raised.

Any *pro se* action raising claims related to his divorce, child custody, or child support obligations (or the enforcement of those orders and obligations) filed by Mr. Tso in the District of Colorado without the permission of the Court will be summarily dismissed.

DATED September 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge